The People ex rel. Michael Slavin, Appellant, v. Nathan D. Wendell, Treasurer, etc., Respondent.

The remedy by peremptory *mandamus* cannot be invoked, unless there is a clear and unquestioned legal right.

Even where a case is made out in which a peremptory *mandamus* may be issued, where the validity of the relator's claim is disputed, it is within the jurisdiction of the court whether to grant or refuse it. In the exercise of that discretion, it is the duty of the court to see that the rights of the relator are fully protected, and it may direct the issuing of an alternative writ where the facts relied upon by the relator are in dispute, where the parties wish to review the case upon appeal, or upon the suggestion of either party.

(Argued October 2, 1877; decided November 13, 1877.)

Appeal from order of the General Term of the Supreme Court, in the third judicial department, affirming an order of Special Term refusing a motion for a peremptory *mandamus*.

The application was for a writ of peremptory *mandamus*, requiring defendant, as treasurer of the county of Albany, to pay a claim of the relator audited by the board of supervisors of said county.

It was claimed, upon the part of defendant, and the opposing papers tended to show, that a fraud was perpetrated upon said board as to a portion of the claim, and that another portion was allowed without authority of law.

Further facts appear in the opinion.

*Nathaniel C. Moak*, for appellant. A *mandamus* is a proper remedy to compel the treasurer to pay the audit of the board of supervisors. (*People* v. *Edmonds*, 19 Barb., 468; *Martin* v. *Suprs.*, 29 N. Y., 647, 648; *Huff* v. *Bennett*, 5 id., 67, 68; *People* v. *Mead*, 24 id., 119, 120; *People* v. *Suprs.*, 45 id., 196; *People* v. *Suprs.*, 51 id., 401; *People* v. *Earl*, 47 How., 458; *People* v. *Suprs.*, 9 Hun, 442.)

*N. P. Hinman*, for respondent.

*Per Curiam.* The appeal papers in this case show quite clearly that a fraud was perpetrated upon the board of supervisors, in reference to a considerable portion of the relator's claim. It is also apparent that another portion of the claim allowed was without any authority or sanction of law. Under such circumstances, it is manifest that a case was not made out, within the well-settled principle that a remedy by peremptory *mandamus* cannot be invoked, unless there is a clear and unquestioned legal right. (*People ex rel. Mott* v. *Board of Supervisors of Greene Co.,* 64 N. Y., 600, and cases cited.) The right to a *mandamus* was by no means clear, in the case at bar, and the court below were fully justified in refusing the application. But, even if a case was made out in which a peremptory *mandamus* might be issued, the court was vested with a discretionary power, under the facts presented, in granting or refusing the writ. (See *People ex rel. Hackley* v. *Croton Aq. Board,* 49 Barb., 259, and cases cited.) In the exercise of that discretion, it was its duty to see that the rights of the relator were fully protected; and it is authorized to direct the issuing of an alternative writ, in cases where the facts relied upon by the relator are in dispute, or where the parties wish to review the case upon appeal, or upon the suggestion of either party. (*People ex rel. Mott* v. *Supervisors of Greene Co., supra.*) It does not appear that any suggestion was made at Special Term, by the relator's counsel, to the effect that an alternative writ was desired. It may be assumed, therefore, we think, that the relator's counsel was willing to take the chances of maintaining his right to a peremptory *mandamus* upon appeal, and did not desire an alternative writ. In this aspect of the case, there is no ground for complaint that an alternative writ was not granted.

This view is also supported by the opinion of the judge upon the decision of the motion at Special Term, which constitutes a part of the record, and shows that the relator was given the right to renew his motion, if so advised, or to take an alternative *mandamus,* if he preferred; or a reference to

take proof of the correctness and nature of his claim as presented, or of any fact connected with the audit of the same. This was not accepted, as the order shows; and the relator, therefore, can only pursue his, remedy by motion for such relief as he may be entitled to under the order of Special Term, and the order appealed from should be affirmed, with costs.

All concur, except FOLGER, J., absent.

Order affirmed.