PEOPLE *ex rel.* SCHWAGER *v.* MCLEAN *et al.*, Police Com'rs.

(*Supreme Court, Special Term, New York County.* November 4, 1890.)

ELECTIONS AND VOTERS—CERTIFICATE OF NOMINATION—INDEPENDENT BALLOTS.
    Under the provisions of Laws N. Y. 1890, c. 262, § 17, authorizing the designated
    representatives of the signers of an independent candidate's certificate of nomina-
    tion to direct what names shall be placed upon the ticket with such independent
    candidate, such representatives have no power to require that their candidate's
    name be printed with more than one combination of names for the other offices.
    The section does not authorize more than one ballot for each candidate.

At chambers. Application by August C. Schwager for writ of *mandamus*
against Charles F. McLean and others, police commissioners.

*Henry R. Beekman* and *L. L. Delafield,* for relator. *Charles Blandy,* for
respondents.

INGRAHAM, J. It is settled that a peremptory writ of *mandamus* will not
be granted in the first instance unless it appears that the applicant has a
clear and unquestioned legal right to the relief asked; "that, when a remedy
of this character is invoked, there must be a clear and unquestioned legal
right." *People* v. *Supervisors,* 64 N. Y. 604; *People* v. *Wendell,* 71 N. Y.
172. I think the only thing that is clear is that the construction to be given
to the act is extremely doubtful. The whole argument of the relator rests, not
upon any express provision of the ballot act, but upon the intention of the
legislature, as indicated by an examination of the "whole ground plan" of the
act. It has been held that, under the seventeenth section of the act in ques-
tion, authority to give a direction to the police commissioners as to the name
to be placed upon a ticket given by the individuals designated by the persons
nominating a candidate can be inferred from the provision which provides
that no name or names of any candidate shall be placed on a ticket without
the consent of such designated representative. See opinion by Mr. Justice
BARTLETT, in *People* v. *Kaiser, ante,* 849, where he says: "The plain im-
port of the prohibition against placing any other name upon the ticket of
the independent candidate without the approval of the designated representa-
tive of the signers, is that such representative may select a name to be placed
thereon." The respondents have adopted this construction of the act, and
have offered to place upon the ballot of the relator such candidate for the
other offices as the persons designated in the certificate of nomination shall
require; but the relator insists that the respondents are bound to print and
distribute as many different kinds of ballot as the designated representatives

of the persons signing the certificate of nomination require, so that each independent candidate can have his name printed upon the ballot of each of the regular political parties, and also select such combinations of nominated candidates as he chooses, and require a ballot printed and distributed containing each of such combinations; for, if he can require more than one ballot to be furnished, there is no reason why he cannot require as many as there are different combinations of the nominated candidates possible. I can hardly conceive that the legislature could have intended to have given such a power to the persons nominating an independent candidate, and would not so hold unless such intent plainly appeared in the law. Section 17 of the act, after providing that no name shall be placed upon the ticket of an independent candidate except with the consent of the designated representatives, provides that there shall be as many separate kinds of ballots as there are different political parties represented by certificates, as provided by section 3 of the act, and as there are different political or other names represented by certificates, as provided by section 5 of the act, and then continues as follows: "There shall also be as many different kinds of ballots as may be required to comply with the directions hereinbefore authorized of the person or persons designated and appointed as provided in section 5 of this act, upon certificates of nomination." It is difficult to understand just what was intended by the clause just quoted. The ballot of the political party nomination and of the independent nominations had been provided for, and, except the implied authority to require the tickets of an independent candidate to be filled up, there is no authority given anywhere for the designated individuals to authorize anything. There is certainly no direction that any party or candidate shall have more than one ballot, or that the designated individuals, by giving directions which they are nowhere authorized to give, can require additional ballots to be printed and distributed. The clause that has been held to give the designated representatives power to require the names of nominated candidates to be placed upon the ballot speaks of the ticket in the singular. It is one ticket put in nomination that is to be filled up, and I cannot see that the provision that there shall also be as many kinds of ballots as may be required to comply with the direction thereinbefore authorized of the designated representative requires more than one ballot for each candidate. Nor do I think that the spirit of the act requires such a construction. Provision is made for nominations by party conventions, and for independent nomination by votes, and the printing of the ballots with the name of each party, but provision is also made for substituting the name of the independent candidate by the voter upon any of the ballots. The voter is given 10 minutes for that purpose, and is allowed to either write the name of any candidate that he wishes to vote for on the ballot or use a paster. The fact that an independent candidate is not upon all the ballots does not prevent a voter from voting for him, and there is nothing in either the title or the spirit of the act which requires such a construction to be given to it. It is, therefore, clear that the relator has not a clear legal right to the relief asked for, and that the application must be denied.