PEOPLE ex rel. McGOVERN v. BOARD OF TRUSTEES OF VILLAGE OF PENN YAN.

(Supreme Court, Appellate Division, Fourth Department. February 7, 1896.)

1. MUNICIPAL CORPORATIONS—CLAIMS AGAINST—ALLOWANCE BY TRUSTEES.
   Under Laws 1889, c. 119 (Penn Yan Village Charter), tit. 5, § 1, providing that the village trustees shall have the auditing of all accounts and claims against the village, and no account or claim shall be paid unless allowed by them, or after judgment obtained thereon, construed with Laws 1893, c. 661 (Public Health Law), providing (sections 20, 21) that a village board of health has power to appoint a physician as health officer, and fix his compensation, and (section 30) that all expenses incurred by any local board of health, in the performance of its legal duties, shall be charged against such village, and audited and paid in the same manner as other charges against the village, the trustees have sole authority to audit the claim of a physician for services rendered otherwise than as health officer, on the employment of the board of health, though it appears that such physician was health officer at the time, and that the board of health had approved his claim.

2. SAME—DETERMINATION AS TO VALIDITY.
   Power to audit claims against a village includes authority to determine whether a claim in controversy was just and legal, in whole or in part.

Appeal from special term, Yates county.

Application by Michael H. McGovern for a writ of mandamus to compel the trustees of the village of Penn Yan to pay his claim against the village. From an order granting a peremptory writ of mandamus, the trustees appeal. Reversed.

The village of Penn Yan was incorporated pursuant to chapter 119 of the Laws of 1889. In 1894 there was a board of health of said village appointed, pursuant to chapter 661 of the Laws of 1893, which, on the 24th of March,

1894, appointed the relator health officer for the then ensuing year; and, at a meeting of the board, held April 26, 1894, the relator being present, "it was moved and carried that the compensation of health officer be $1 per visit for ordinary cases; but, in cases of smallpox, diphtheria, and scarlet fever, it is not to exceed $4.00." June 17, 1894, smallpox broke out in a dwelling, in said village, occupied by four families. The relator avers, in his affidavit, "that, under the employment and by the direction of the board of health of said village of Penn Yan, deponent treated the case as a physician, and had the sole and exclusive charge of the same." August 7, 1894, the relator made out the following bill against the village:

"Penn Yan, N. Y., Aug. 7, 1894.

"Village of Penn Yan, to M. H. McGovern, Physician and Surgeon. Dr.
"For services as health officer, treatment of smallpox patients, moving and burying the same, from June 17th until July 29th, inc., at $25 per day, 43 days.................................................$1,075."

The relator, meeting the president and secretary of the board of health, procured the following indorsement to be entered on his bill:

"The foregoing bill is correct and allowed.
　　　　　　"Frank Dains, Pres. Board of Health.
　　　　　　"C. N. McAdams, Sec'y."

The bill, however, was never presented to or audited by the board of health. On the same day, August 7, 1894, the bill was presented to the board of trustees of the village, and was filed with its clerk. After hearing the relator, the trustees, November 9, 1894, audited and allowed the bill at $600. November 15, 1894, the relator presented a bill for $1,075 to the board of health, which passed the following resolution: "It was moved and carried that the bill be paid." Thereafter the village raised, by tax, the sum of $600, which was tendered to and refused by the relator. On January 15, 1895, the relator verified the following bill, and on the 18th of that month inclosed it in a letter to the trustees of the village, stating that he wished to withdraw his prior bill, and present the following bill instead:

"Village of Penn Yan to M. H. McGovern, Dr.
"1894. To services as a physician, upon the employment of the board of health of said village, in the treatment and care of smallpox patients in said village, from and including June 17th, to and including July 29th, 1894, at the price of $25 per day................... $1,075

"Yates County—ss.: M. H. McGovern, being duly sworn, says: That he is a physician and surgeon, residing in the village of Penn Yan, in said county; that the services above mentioned have been rendered by this deponent, as above set forth, upon the employment and under the direction of the board of health of said village; that the account as above rendered is correct, and that no part thereof has been paid; that, at a meeting of the board of health of said village of Penn Yan, duly had, after the rendition of said services, the amount of the claim of deponent, as herein set forth, was allowed and fixed by the said board of health as the amount of the compensation which should be paid to this deponent for his services in attending the smallpox patients and cases in said village, under said employment of said board of health.
　　　　　　　　　　　　　　　　　　"M. H. McGovern.
"Sworn to before me this 15th day of January, 1895.
　　　　　　　　　　　　"Benjamin L. Hoyt, Notary Public."

No action being taken by the trustees on this second bill, the relator began these proceedings on the 10th of April, 1895, and a peremptory writ of mandamus was issued directing the trustees to pay to the relator the full amount of his bill.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Calvin J. Huson, for appellants.
M. A. Leary, for respondent.

FOLLETT, J.   The relator having elected to take a peremptory, instead of an alternative, writ of mandamus, all the statements of fact contained in the defendants' opposing affidavits must be taken as true; and, among other facts, it is stated that the relator's services were not reasonably worth more than the sum of $600, allowed by the trustees.   It is provided, by section 20 of chapter 661 of the Laws of 1893 (the Public Health Law), that every village board of health shall have power to appoint a competent physician, not a member of the board, to be the health officer of the village. By section 21 it is provided:

"Every such local board shall prescribe the duties and powers of the local health officer, who shall be its chief executive officer, and direct him in the performance of his duties and fix his compensation."

Shortly after the appointment of the relator to the position of health officer, his compensation for attendance upon cases of smallpox was fixed by the board at a meeting at which he was present. The bill which he presents for his services is not made out pursuant to the rate of compensation then fixed; but he makes an independent claim for his services, not as health officer, but as a physician for the services which he rendered in this case.   The board of health is given no power to fix the compensation of any person for services to be rendered, except the services of its health officer; and when the relator enters upon the discharge of duties other than those imposed upon him as health officer, his compensation is to be fixed and allowed under other sections of the statute.

By section 1 of title 5 of chapter 119 of the Laws of 1889 (the charter of the village of Penn Yan), it is provided:

"The trustees shall have the auditing of all accounts and claims against the village, and no account or claim shall be paid unless allowed by them or after judgment obtained thereon. * * * The claimant may be examined on oath by the trustees in relation to said claim and the items thereof. * * * Nothing herein shall be construed as preventing the trustees from disallowing any account or claim in whole or in part, when so made out and verified, or from requiring other or further evidence of the correctness or reasonableness thereof."

Section 30 of article 2 of the public health law (chapter 661, Laws 1893) provides:

"All expenses incurred by any local board of health in the performance of the duties imposed upon it, or its members, by law, shall be charged upon the municipality and shall be audited, levied, collected and paid in the same manner as the other charges of or upon the municipality are audited, levied, collected and paid."

By the sections above quoted the power is conferred upon the board of trustees of the village of Penn Yan to audit and allow all claims against the village incurred by the board of health, except the compensation of the health officer, as such.   The relator in this case makes no claim, in the bill presented, and which he seeks to have the defendants compulsively compelled to pay, for his services as health officer.   His claim is that he acted solely in the capacity of a physician.   Nowhere in his papers does he assert a claim in his official capacity.   That he has elected to make a distinction between his claim as a physician and as health officer

is further emphasized by the fact that he presented a bill for services from April 1, 1894, to March 20, 1895, as health officer, made out in items, pursuant to the rate of compensation fixed by the board of health.

The power of the board of trustees to audit the claim of the relator confers authority upon them to determine whether the claim was just and legal, in whole or in part. People v. Gilroy, 82 Hun, 500, 31 N. Y. Supp. 776; affirmed, 145 N. Y. 596, 40 N. E. 164. We are of the opinion that the board of trustees of the village of Penn Yan was solely authorized to audit the claim of the relator, and that, they having done so, and fixed an amount which they deemed to be reasonable, a peremptory writ of mandamus ought not to have been granted compelling them to pay the claim as made out by the relator. The order should be reversed, with costs.

Order reversed, with costs and disbursements; and writ dismissed, with $50 costs in the court below. All concur.