(30 Misc. Rep. 328.)

PEOPLE ex rel. BARRON v. SCANNELL, Fire Commissioner.

(Supreme Court, Special Term, New York County. January, 1900.)

CIVIL SERVICE LAW—RULES—RETROACTIVE EFFECT—CLASSIFIED SERVICE OF NEW YORK CITY.

    Rule 42, passed in pursuance of the civil service law (Laws 1899, c. 370), prohibiting removals in the classified service of the city of New York unless a statement of the cause therefor is filed, and furnished the person sought to be removed, and he is given an opportunity to be heard, does not have a retroactive effect, so as to protect an incumbent removed before the rules became operative and valid under the law, on the approval of the state civil service commission.

Application by the people, on the relation of James W. Barron, for a peremptory writ of mandamus against John J. Scannell, as fire commissioner of the city of New York. Denied.

A. H. Parkhurst, for relator.
· John Whalen, Corp. Counsel, for respondent.

LEVENTRITT, J. This is an application for a peremptory writ of mandamus to restore the relator to the position of blacksmith in the fire department. The relator was removed on the 5th day of July, 1899, without any statement of the grounds of removal being made either to him or to the municipal commission. At that time the present civil service law, known as the "White Act" (Laws 1899, c. 370), was in force, having taken effect on the 19th day of April preceding. Pursuant to the provisions of that act, municipal civil service commissioners were appointed for the purpose of prescribing, amending, and enforcing rules for the classification of the offices, places, and employments in the classified service of the city, and for appointments and promotions therein and examinations therefor, and for the registration and selection of laborers for employment therein. Section 10. These rules, however, did not become operative and valid until approved by the state civil service commission. Id. Rule 4, append. 1, adopted by the municipal commission, classified the position held by the relator; and rule 42 provided as follows:

"To secure compliance with the provisions of the civil service law, prohibit ing removals because of political opinions or affiliations, no removal of any per-

son in the classified service of the city of New York shall be valid unless and until a statement of the cause of such removal shall be filed with the municipal commission and a copy of the same furnished to the person sought to be removed and until such person has been afforded an opportunity to present an explanation in writing."

The rules framed by the municipal commissioners were not, however, approved by the higher state commission until the 11th day of July, 1899; that is, six days after the removal of the relator. The latter contends that a retroactive effect must be given to these rules, and that inasmuch as no cause of his removal was filed with the municipal commission, and no copy was furnished him, and as he was afforded no opportunity to present an explanation in writing, his removal was illegal, and that he is entitled to reinstatement. I do not think that the White law will bear this construction. It is a familiar and well-established rule that every law operates prospectively, unless the legislative intent that it shall act retrospectively is expressed in clear and unambiguous language. People ex rel. Leet v. Keller, 157 N. Y. 90, 99, 51 N. E. 431. There is no such clear expression of intent in the act in question. If anything, section 10 indicates a contrary intent. In the Leet Case, supra, where similar statutory language was construed, the court of appeals refused to give retroactive effect to a like provision. Prior to the passage of the White act the relator was not entitled to the benefit of the civil service laws; and in the interim between the time the law went into effect and the time the rules went into effect, while he could not be removed for any cause prohibited by the act, yet there was no prescribed method of removal until the rules of the municipal commission had been approved. The White act contains a general provision that no appointments should be made except in accordance with its provisions and the rules and regulations prescribed thereunder. Had it contained a similar requirement with regard to removals, then the relator could not have been removed until such time as the rules and regulations required by the act had been established, and then only in strict accordance with those rules and regulations. People v. Knox (Sup.) 61 N. Y. Supp. 469. It follows, therefore, that the writ must be denied, with costs to the respondent.

Writ denied, with costs to respondent.