(31 Misc. Rep. 324.)

PEOPLE ex rel. LIGHTON et al. v. McGUIRE, Mayor, et al.

(Supreme Court, Special Term, Onondaga County. April, 1900.)

1. MANDAMUS—MUNICIPAL CORPORATIONS—PERFORMANCE OF MINISTERIAL ACTS.
Under a city charter giving the city council power to purchase property with the consent of the mayor, or without his consent if his veto be not sustained, the signing by the mayor and clerk of a contract for the purchase of real estate, pursuant to a resolution passed by the council over the mayor's veto, is a ministerial act, the performance of which may be enforced by mandamus.

2. SAME—FRAUD—DISCRETION OF COURT.
Where, upon application for a writ of mandamus to compel the mayor of a city to sign a contract for the purchase of certain real estate for the sum of $21,000, pursuant to a resolution of the city council passed over the mayor's veto, it is admitted that the property is worth no more than $12,000, the court may exercise its right of discretion by denying the writ, though the discrepancy between the price agreed to be paid and the actual value is not sufficient to show actual fraud.

3. SAME—ALTERNATIVE WRIT.
An order denying an application for a writ of mandamus to compel the mayor of a city to sign a contract, because of the suspicious character of the transaction, may provide for the issuance of an alternative writ to enable the petitioner to show its good faith.

Action by the people, on relation of Mary Lighton and Martha T. Lighton, against James J. McGuire, as mayor of Syracuse, and Joseph H. Saunders, as city clerk, for a peremptory writ of mandamus. Application denied.

Costello & Welch, for the motion.
M. Z. Hazen, opposed.

ANDREWS, J. On December 19, 1899, the common council of the city of Syracuse duly passed over the veto of the mayor a resolution directing the mayor and clerk to enter into a contract with the relators for the purchase, at the sum of $21,000, of a parcel of land situate on the corner of East Water and Montgomery streets in said city. The resolution thereby took effect in like manner as if the mayor had signed it. Laws 1888, c. 449. The mayor is required to sign all contracts on behalf of the city, and the clerk to perform such duties as the council shall direct. Laws 1885, c. 26, §§ 33, 40; Laws 1898, c. 182, art. 3, § 47. Subsequently a contract in the form, as seems to be conceded, authorized by the resolution, was executed by the relators, and was by them presented to the mayor and the clerk for their signatures. Both officers refused to sign it, and this proceeding was begun. The facts set forth in the moving papers are not disputed by the defendants, but upon the hearing a number of affidavits were presented

in their behalf. Many of the statements contained therein are immaterial. But in the affidavit of the mayor the following appears:

"Deponent further says that, in his judgment, the price of $21,000, fixed by said resolution of said common council, is grossly exorbitant and excessive, and is far beyond the actual value of the same, and for the city to pay or agree to pay said sum for said property would be a gross waste of the funds, money, and property of the city. * * * And said resolution was adopted in bad faith, and which bad faith, so far as the interests of the city are involved, amounted to and amounts to legal fraud, and will make and constitute a waste of the public funds and moneys of the city."

Affidavits are also made by Charles H. Tilley and George J. Worst, stating, substantially, that they are real-estate dealers in Syracuse, and know the value of city property; that they know the value of the property in question; and that, in their judgment and opinion, $11,000 or $12,000 is its fair market value.

Upon these papers the relators ask for a peremptory writ of mandamus, requiring the defendants to execute the proposed contract on behalf of the city.

The first question which arises is as to whether the remedy sought is applicable to this case, and this question must be answered in the affirmative. As has been said by the court of appeals:

"There is no dispute as to the rule of law that a mandamus against a public officer or municipality is a proper remedy to compel the performance of a ministerial duty plainly prescribed, and may be invoked in behalf of any party interested in its performance, on the failure of the officer or public body to do the act or thing required." People v. Maher, 141 N. Y. 330, 36 N. E. 396.

Spell. Extr. Rel. § 1432.

The distinction between ministerial and judicial duties is pointed out by Judge Vann in People v. Commissioners, 149 N. Y. 26, 43 N. E. 418. "The primary object," he says, "of a writ of mandamus, is to compel action. It neither creates nor confers power to act, but only commands the exercise of powers already existing, when it is the duty of the person or body proceeded against to act without its agency. * * * When the law requires a public officer to do a specified act in a specified way, upon a conceded state of facts, without regard to his own judgment as to the propriety of the act, and with no power to exercise discretion, the duty is ministerial in character, and performance may be compelled by mandamus if there is no other remedy. When, however, the law requires a judicial determination to be made, such as the decision of a question of fact, or the exercise of judgment in deciding whether the act should be done or not, the duty is regarded as judicial, and mandamus will not lie to compel performance." The duties of the defendants in this case would seem to be purely ministerial, within the definition given. Under the Syracuse charter, the council may purchase property with the consent of the mayor, or without his consent if his veto be not sustained. To them is confided the discretion as to whether or not a proposed bargain is advantageous. When they have acted, the signature and the delivery of the contract are mere matters of detail. If the mayor and clerk, when duly directed, can without reason refuse to obey, their discretion is substituted for that of the council. Such is not the law. In People v. Green, 64

N. Y. 499, it was held that the affixing of a signature or seal to a lease by the comptroller of the city of New York involved the performance of a clerical act. In State v. Ricord, 35 N. J. Law, 396, it was said that, if the mayor of Newark refuses to sign a contract made in pursuance of the charter and ordinances of the city, the relators, parties to the contract, are entitled to a writ of mandamus to compel the performance of the duty. In Massachusetts, under a statute requiring the mayor to sign licenses granted by the aldermen, the court held that the duty of the officer is a ministerial one. Braconier v. Packard, 136 Mass. 50. A city clerk may be compelled by mandamus to execute a contract under the corporate seal. People v. Connolly, 2 Abb. Prac. (N. S.) 315. In the unreported case of People v. McGuire, under circumstances similar to the present, a writ was granted by Judge McLennan, compelling the defendant to sign a contract. But a peremptory writ of mandamus will not be granted in every case where an officer refuses to execute a contract, although the same may be formally authorized by the body to whom is confided the power to enter into it. If the action of that body is the result of fraud or bad faith, proof of such fact, in a taxpayer's action, would justify a judgment for the plaintiff. Talcott v. City of Buffalo, 125 N. Y. 280, 26 N. E. 263. What a taxpayer may do, the officers of a municipality may do in an action brought against the corporation. Weston v. City of Syracuse, 158 N. Y. 274, 53 N. E. 12, 43 L. R. A. 678. And they may also assert the same defense in a proceeding such as this. In State v. Ricord, 35 N. J. Law, 396, it was said that the relator must not only show that the defendant is bound, in the discharge of his official duty, to do the act in question, but that the relator's right to have it done is such as the law ought, at the relator's suit, to enforce. In People v. Wendell, 71 N. Y. 171, fraud was held to be a defense to an application like the present; and that it was a defense seems to have been assumed in People v. Brennan, 39 Barb. 522, and People v. Coler, 34 App. Div. 167, 54 N. Y. Supp. 639. Again, the right to a writ of mandamus is not absolute. Whether or not the court shall grant this particular relief rests largely in its sound discretion. People v. Wendell, 71 N. Y. 171. The office of the process is well described by the court of appeals in People v. Assessors, 137 N. Y. 204, 33 N. E. 145:

"The writ will be granted to prevent a failure of justice, but never to promote manifest injustice. It is a remedial process, and may be issued to remedy a wrong, not to promote one; to compel the discharge of a duty which ought to be performed, but not to compel the performance of an act which will work a public or private mischief, or to compel a compliance with the strict letter of the law in disregard of its spirit, and in aid of a palpable fraud."

Where, therefore, facts are alleged which tend to show that the proposed contract is tainted with fraud, although the inference may not be incontrovertible, the court may, in its discretion, award an alternative writ, so as to afford an opportunity to bring the question before a proper tribunal. People v. Railroad Co., 103 N. Y. 95, 8 N. E. 369; People v. Wendell, 71 N. Y. 171; People v. Palmer, 3 App. Div. 389, 38 N. Y. Supp. 651.

In determining whether or not this is a proper case for granting a peremptory writ, all relevant facts stated in opposition to the application are deemed to be true. The proceeding is in the nature of a demurrer to the facts properly pleaded by the defendant. People v. Railroad Co., 156 N. Y. 570, 51 N. E. 312. In the case at bar, therefore, we have admitted the action of the council requiring a contract for the purchase of this property at $21,000. We have the admission, also, that it is worth but $12,000. People v. Trustees, 2 App. Div. 29, 37 N. Y. Supp. 535. This, however, is the extent of the admission. The allegations that the proposed action would be a waste of the funds of the city, and that the resolution was adopted in bad faith, are conclusions. They are the interpretation given by the deponent to various acts not alleged. The court may not accept as facts mere impressions and opinions of witnesses that the contract was fraudulent. Malone v. Sherman, 49 N. Y. Super. Ct. 530. These statements are therefore not admitted. People v. Coler, 34 App. Div. 167, 54 N. Y. Supp. 639. We are confronted, then, with the bare proposition that the council has agreed to purchase for $21,000 property worth no more than $12,000. Does this discrepancy, in itself, coupled with the fact that the body making the contract is acting as trustee for the city, tend to prove fraud or bad faith? Anything less would be insufficient as an answer to this motion. The court will not "become arbitrators between taxpayers and their municipal officers in every instance of disagreeing opinions or conflicting judgments, and have decided that, jurisdiction in the officials existing, the courts can interfere * * * only where some fraud or collusion or bad faith is alleged and proved." Ziegler v. Chapin, 126 N. Y. 342, 27 N. E. 471. I am not disposed to hold that, upon the facts before me, fraud must necessarily be presumed. The discrepancy admitted by the course taken by the relators is very large. Assuming that it exists, as must be done here, it is difficult to give any explanation of it consistent with good faith on the part of the council. But such an explanation is quite possible. Yet, while I do not find the existence of actual fraud, still I am not disposed to enforce action by means of a peremptory writ of mandamus. If the great discrepancy in price here admitted to exist does in fact exist, it is a circumstance that casts great suspicion, at least, upon the transaction. A case is presented where the court may well exercise its discretion. It is said that this proceeding is merely a preliminary one; that its only result will be to require the execution of the contract, and then, if it is tainted with fraud, any taxpayer can set it aside or any municipal officer can defeat it on that ground. It is therefore said that the relators should be put in a position where they may compel this defense to be raised if it exists. This position has no merit. If this purchase is a fraudulent scheme, the courts will take no part in its consummation.

The application is, therefore, denied. Yet the relators should not be sent from court remediless. It may be that, upon an opportunity being given, they can show that the disparity in values is not so great as appears on this motion. Even if a disparity exists, it may not be sufficient to indicate bad faith, but only such difference in judgment

as may be consistent with honesty. If so, they are entitled to relief.. As has been said before, the only answer to their application is fraud or bad faith. At their election, the order denying the application may contain a provision directing the issuance of an alternative writ.. In this way their rights will be protected. Ordered accordingly.