THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL J. DADY, Appellant, *v.* BIRD S. COLER, as Comptroller of the City of New York, Respondent.

MANDAMUS — UNLIQUIDATED AND DISPUTED CLAIM AGAINST MUNICIPAL CORPORATION CANNOT BE ENFORCED BY PEREMPTORY WRIT. An unliquidated and disputed claim against a municipal corporation cannot be enforced by a peremptory writ of mandamus; and where the assignee of a contractor, who had been fully paid for work done under a contract for a municipal corporation, applies for a peremptory writ of mandamus to enforce the payment of a claim for extra work, and the application is opposed by affidavits denying many of the material allegations of the moving papers and asserting that all the work for which payment was claimed was fairly included within the contract and had been fully paid

for, and the claim has never been adjudged valid in any judicial proceeding, or audited, allowed or liquidated by any competent authority so as to create an obligation which could be enforced by a peremptory writ of mandamus, an order granting such writ must be reversed, and the question whether the relator should be allowed an alternative writ of mandamus, under which the disputed question of fact can be settled, or whether he should be remanded to an action for that purpose, must be left to the sound discretion of the trial court.

*People ex rel. Dady* v. *Coler*, 69 App. Div. 409, appeal dismissed.

(Argued May 6, 1902; decided June 10, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 17, 1902, which reversed an order of Special Term granting a motion for a peremptory writ of mandamus directing the defendant to pay the relator a certain sum alleged to be due upon a contract for grading Neptune avenue in the town of Gravesend.

The facts, so far as material, are stated in the opinion.

*Charles F. Brown* and *Charles W. Church, Jr.*, for appellant. The question of whether any additional certificate to the one in question can be demanded by the comptroller is *res adjudicata.* (*Leavitt* v. *Wolcott*, 95 N. Y. 212.) The provisions of section 8 of chapter 171 of the Laws of 1893, requiring a certificate from the supervisor, justices of the peace and town clerk do not apply to work done under a contract by a special commission of the character of the work in question. (*People ex rel.* v. *Dady*, 154 N. Y. 381; *Hubbard* v. *Sadler*, 104 N. Y. 223.) None of the allegations in regard to the contract and litigation are answered by the defendant; therefore, all of the allegations of the petition are true. (*People ex rel.* v. *Paten*, 5 N. Y. S. R. 313; *People* v. *R., W. & O. R. R. Co.*, 103 N. Y. 95; *Matter of Freel*, 148 N. Y. 165.)

*George L. Rives, Corporation Counsel* (*James McKeen* of counsel), for respondent. There was no legislation which gave to the grading commissioners or to their engineer the right to adjudicate this claim, which, confessedly, is for work

done and material furnished outside the contract. (*People* v. *Schieren*, 89 Hun, 220; *People ex rel.* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 570; *O'Brien* v. *Mayor, etc., of N. Y.*, 139 N. Y. 543; *Matter of Freel*, 148 N. Y. 165.)

O'BRIEN, J.     The relator is the assignee of a contract made by John Curran with certain commissioners for grading and improving Neptune avenue in the town of Gravesend, dated February 26th, 1893. This town was subsequently incorporated in the Greater City of New York, and if anything is due upon this contract or for the work provided for therein or connected therewith, it is assumed to be a claim against that city. On the 23rd of September, 1901, the court at Special Term, upon the relator's application, awarded a peremptory mandamus requiring the defendant, as comptroller of the city, to forthwith pay to the relator the sum of $15,185.03, with interest thereon from July 19th, 1901, for work done upon said avenue not included in the contract. The amount stipulated in the contract for the work embraced therein has been fully paid to the contractor or his assignee, but the present claim is for extra work.

The relator in his application for the writ stated in detail the grounds upon which his claim was founded, the amount thereof and the circumstances under which the work was performed. The defendant resisted the application, and his counsel read upon the hearing an affidavit of the principal assistant engineer of the department of finance of the city, who had been assigned by the defendant to oversee the work in which many of the material allegations contained in the moving papers were denied, and it contained affirmative statements substantially to the effect that all the work for which payment was claimed was fairly included within the contract and had been fully paid for. But notwithstanding this affidavit which raised a direct issue concerning the merits of the claim and the obligation of the defendant to pay, the peremptory writ was allowed. The claim has never been adjudged to be a valid one against the city in any judicial proceeding

or audited, allowed or liquidated by any competent authority so as to create an obligation which could be enforced by a peremptory mandamus. The relator having been awarded a peremptory writ in the face of the opposing affidavits, all the allegations and denials in the opposing papers must now be taken to be true in the same way as if the relator had demurred to the answer. (*People ex rel. Pt. C. S. Bank* v. *Cromwell,* 102 N. Y. 477; *Matter of Smith* v. *Suprs. of St. Lawrence Co.,* 148 id. 187.)

While the learned court below apparently reversed the order on the ground that the relator had not produced any certificate from any of the town officers mentioned in chapter 171 of the Laws of 1893, and which was necessary under the act, yet as these officers had ceased to exist under the present charter, and as their powers and duties properly devolved on the defendant, we are not sure that its point was a conclusive answer to the application. However that may be, we think there is a clear ground upon which the order of reversal must be upheld. If the work was embraced within the contract, then clearly the relator had no claim at all, since the contract price has been paid in full. If, on the other hand, it was outside of the contract and authorized by some competent authority, the relator was entitled to recover only upon a *quantum meruit.* As the claim was in every legal sense disputed and unliquidated, the learned judge at Special Term erroneously allowed a peremptory mandamus requiring the defendant, as the financial officer of the city, to pay it. The most that the relator was entitled to was an alternative writ, under which the disputed question of fact could have been settled. The granting of the writ of mandamus, whether peremptory or alternative, generally involves the exercise of discretion. The court, in cases of this kind, has the undoubted right to refuse the writ in either form and remand the party to an action. If in this case there was a clear obligation on the part of the city to pay the sum of money which the relator demanded, and nothing else was wanting except the certificate of the town officers named in the statute, whose offices have been abolished

and their powers and duties transferred to the officers of the city, or to the defendant himself, we think the order could be sustained, since it might be construed as a direction to the defendant to audit and pay the claim.

But the difficulty is that this is not only an unliquidated, but a disputed claim as it appears upon the record before us, and such a claim cannot be enforced by a peremptory writ of mandamus, but in some other way. (*People ex rel. Mott* v. *Bd. of Suprs. Greene Co.*, 64 N. Y. 600 ; *People ex rel. Slavin* v. *Wendell*, 71 N Y. 171; *People ex rel. Nicholl* v. *N. Y. Infant Asylum*, 122 id. 190.) Under the circumstances of this case we do not think this court should modify the judgment by ordering an alternative writ to issue, if we now have that power, but that such course should be left to the sound discretion of the trial court, especially in view of the fact that the Appellate Division granted the relator the right to renew this motion in the court below, which he did not accept. The learned court below, therefore, properly reversed the order, and while it proceeded upon a different view of the case than is herein indicated, yet the decision was correct.

The order appealed from must, therefore, be dismissed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, HAIGHT, CULLEN and WERNER, JJ., concur.

Appeal dismissed.