(51 Misc. Rep. 403.)

## In re REBECCHI.

(Supreme Court, Special Term, New York County.  August, 1906.)

MANDAMUS—ANSWER—SUFFICIENCY.

On an application for mandamus to compel a gas company to furnish gas at the statutory rate, an answer alleging that such rate would give the company very little above the actual cost of the service and would certainly not yield an adequate return, so that the company would be deprived of its property without just compensation and without due process of law, was insufficient, as respondent should allege facts sufficient for the court to determine the question of adequacy.

On motion for reargument.  Motion denied.

For former opinion, see 100 N. Y. Supp. 335.

Sherman & Sterling (Carl A. Mead, of counsel), for the motion. Clarence J. Shearn, opposed.

GIEGERICH, J.  This application for a writ of peremptory mandamus, formerly granted by me, now comes back for a reargument, after certain amendments have been made in the answer.  The second defense has been so altered as to obviate the objection on which my former decision was placed; but, in my judgment, it is still insufficient for the purpose of defeating the motion.  That defense is short, and is as follows:

"The Consolidated Gas Company of New York owns a large amount of property necessarily invested in its business of manufacturing and supplying gas, upon the reasonable value of which it is entitled to earn an adequate return.  If the said company should receive only 80 cents per thousand cubic feet for the gas supplied by it to its customers, which is the rate fixed by the said act of 1905, referred to in the petition herein, the amount so received would exceed very little, if any, the actual reasonable cost to the said company of manufacturing and distributing such gas, and if the said company should be compelled to supply gas to its customers at the said 80-cent rate it would receive little, if any, return upon the value of its investment in its said business, and would certainly not receive an adequate return upon the reasonable value of its said property invested in said business, and it would thus be deprived of its property without just compensation and without due process of law, contrary to the provisions of the Constitution of the United States and of the state of New York."

On behalf of the petitioner, it is claimed that the allegation that the respondent would not receive an adequate return upon the reasonable value of its property invested in the business is a conclusion of law, and that the essential facts on which the conclusion rests are "(1) the reasonable value of the property necessarily invested in the business; (2) the cost of manufacturing and distributing gas; (3) the amount of gas sold and distributed; (4) the dividend percentage at the dollar rate; (5) the dividend percentage at the 80-cent rate."  I am of the opinion that the criticism is well founded.  It may be that it would not be necessary to make allegations on all of the five points above enumerated, but something more is needed than the broad and general statement the defense contains.  For aught that appears the return might be 6 or 8 or even a higher percentage of annual profit, but which the respondent may nevertheless deem inadequate.  The ultimate ques-

tion for the court to determine is whether the act is unconstitutional in depriving the respondent of its property without compensation, i. e., without an adequate return. Merely asserting that such is the fact is not sufficient in my judgment to delay or suspend the operation of the statute. To accomplish that effect the respondent should allege facts sufficient for the court to determine whether the legal inference of inadequacy of return is well supported or not. As said in Merrill on Mandamus (section 274):

"The return is construed most strongly against the pleader. * * * The court has a right to know what the facts are that it may judge whether the legal inferences are well drawn."

The affidavit of Robert A. Carter, annexed to the original answer, does not help in this respect. That affidavit simply states that if the respondent "were compelled to supply gas at the 80-cent rate it would be deprived of its property invested in the business of manufacturing and supplying gas without just compensation and without due process of law," and refers to a printed copy of a bill of complaint and of an affidavit in another action for proof of the assertions so made. Such exhibits, so introduced, are not competent evidence in this proceeding. The respondent relies with confidence upon People ex rel. Mott v. Board of Supervisors, 64 N. Y. 600, as a conclusive authority in its favor on the point under discussion, but an examination of that case shows it to be very different from the present one. There the payment of interest on certain county bonds was sought to be enforced by mandamus. The opposing affidavits alleged, among other things, that the bonds were issued for an amount exceeding $10,000, the sum which the Legislature provided for, that they embraced taxes unpaid in the year 1865, and that a majority of the members of the board of supervisors did not vote for the resolutions authorizing the bonds. It is manifest that such allegations in nowise partake of the nature of conclusions, as does the allegation under consideration. Another case relied upon (People ex rel. McGovern v. Trus. of Penn Yan, 2 App. Div. 29, 37 N. Y. Supp. 535) is equally distinguishable. There it was sought to compel the respondent trustees to pay the claim of the relator for medical services rendered, which he claimed worth $1,075, while the respondents took the position that $600 was sufficient. Whether $1,075 or some less amount was the reasonable value of the services was a question of fact which would have to be decided on evidence, but, to draw a parallel with the present case, if the respondent should reduce its averments to figures and assert that the return on its investment would be not more than say 10 per cent. per annum and allege that such return was inadequate, I cannot see that there would be any question of fact presented, but the court would decide against the respondent on its own figures. I have read carefully the able brief presented by the counsel for the respondent and recognize that it is by no means easy to distinguish between evidentiary facts and issuable facts and conclusions of law. There is no sharp line drawn, or possible to be drawn, between the three classes of allegations. Indeed, the same allegation might, under some circumstances and for some purposes, be treated as a conclusion of law, which, under other circum-

stances or for other purposes, it might properly be deemed to present an issue of fact. I am satisfied in this case, however, that in order to avoid and suspend the operation of a statute like the present and defeat an application for a peremptory writ of mandamus the respondent should be required to be more specific in its assertions and present to the court something more clearly in the nature of facts and not so open to the criticism of being mere inferences or conclusions; in other words, to show that there is a real issue of fact in the case. I find nothing else in the amended answer that seems to require discussion.

Motion for a reargument denied.