PEOPLE ex rel. B. D. PIERCE, JR., CO. v. SOHMER, State Comptroller, et al.

(Supreme Court, Appellate Division, Third Department.  May 5, 1915.)

1. MANDAMUS ☞187—APPEAL—PEREMPTORY WRIT—TRUTH OF OPPOSING AFFIDAVITS.

Where a peremptory writ of mandamus is awarded in the face of opposing affidavits, on appeal the allegations and denials of such affidavits must be taken as true, as if the relator had demurred to the answer.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 427–437; Dec. Dig. ☞187.]

2. MANDAMUS ☞164—STATE OFFICER—PAYMENT FOR HIGHWAY WORK—PEREMPTORY WRIT.

Where a contractor for state highway work upon completion secured from the highway commission an order accepting the road, and demanded payment of the comptroller, which was refused because upon further inspection it had been discovered that the work had not been done in compliance with the contract, a peremptory mandamus to secure payment to the contractor by the comptroller should be denied, the granting of the writ being discretionary with the court, while the facts plainly showed that the relator was entitled at most only to an alternative writ under which the disputed question of fact as to the merits of the work could have been settled.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 344–360; Dec. Dig. ☞164.]

Appeal from Special Term, Albany County.

Mandamus by the People, on the relation of the B. D. Pierce, Jr., Company, against William Sohmer, Comptroller of the State and another. From an order directing that a peremptory writ of mandamus issue (88 Misc. Rep. 250, 151 N. Y. Supp. 802), defendants appeal. Reversed, and writ denied.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Egburt E. Woodbury, Atty. Gen. (E. C. Aiken, of Albany, of counsel), for appellants. ·

Eugene D. Flanigan, of Albany, for respondent.

WOODWARD, J. The relator in its petition alleges that it is a foreign corporation authorized to do business in the state of New York, and that on the 17th day of June, 1911, it entered into a contract with the state of New York, through its Commissioner of Highways, for the construction of a public highway, known as the Albany-Guilderland state highway. This highway extended over a distance of 5.37 miles, and, with the supplemental contracts, provided for in the original contract, the entire work was to cost the sum of $84,850.56. Under the terms of this contract, the state agreed to pay on monthly estimates for the work done, reserving 10 per cent. until the completion of the contract, and the relator avers that:

It "did proceed to carry out, in a proper, workmanlike, and efficient manner, the work and labor required to be done and performed by it under the terms of the contract and supplemental agreements, and did supply and furnish and place the materials called for in and by said contract and said supplemental agreements * * * where same were required to be placed, and did do and perform all that it was required to do under the terms of said contract in a good, workmanlike and efficient manner, and in the way it was required to do and perform under and by virtue of the terms of and in accordance with the provisions of the said contract and supplemental agreements, and that the said relator did complete said work as called for in and by said contract and supplemental agreements, in and about the early part of June, 1913, and did thereupon notify the said state of New York, through and by its said State Highway Commission, that said work had been completed and performed; that thereupon the said state of New York did cause a final inspection of said road to be made for the purpose of ascertaining whether the terms of said contract had been fully complied with, and after such inspection as aforesaid, the said state of New York did, on the 22d day of July, 1913, make and issue an order through the State Commission of Highways, finally accepting said highway; that at the time of the completion of the work called for by the said contract and supplemental agreements, and the acceptance of the highway by the state of New York, there became due and payable from the state of New York to this relator the sum of $15,559.11"—and that demand has been made for such sum and refused.

If these facts had remained uncontroverted, it would not be seriously questioned that it was within the province of the court to award a peremptory writ of mandamus to compel the payment of this sum of money. But John N. Carlisle, Commissioner of Highways, in an affidavit, after setting forth the fact of making the original and supplemental contracts, alleges:

"That said relator agreed to construct and complete in the most substantial and workmanlike manner the improvement of said highway in accordance with the intention and meaning of the plans and specifications therefor, which plans and specifications were made a part of the said contract, and the state of New York agreed thereby to pay to relator the amount mentioned in its proposal and in the said supplemental agreements, provided said work was faithfully performed according to the said contract, plans and specifications therefor and said supplemental agreements; that deponent on or about the 5th day of June, 1914, caused an investigation of said road to be made, from which investigation, a copy of the report of which is hereto attached and made a part hereof, it appeared that said work on said highway was not performed in a proper workmanlike and efficient manner by said relator and not accord-

ing to the terms of said contract, plans and specifications and supplemental agreements; * * * that any prior acceptance of said highway by said commission referred to in the affidavit for the writ of mandamus herein was void and of no effect, for the reason that at the time of said alleged acceptance the said highway was not completed as provided in said contracts, plans and specifications and supplemental agreements, and the work upon the same was performed in an inefficient, unworkmanlike and incomplete manner, and such alleged acceptance was based upon insufficient and incorrect information in reference to the performance of said work and was rescinded and annulled by said order of July 10, 1914; that said relator has failed and neglected to complete said road according to the contract, plans and specifications therefor and did not perform the work on said road in a proper, workmanlike and efficient manner; and that the road as it stood at the time of said cancellation of said contract was composed of loose stone, sandy loam and in some places clay, was full of holes and ruts and fast going to pieces, all in violation of relator's said agreements."

The report of Joseph Curren, attached to and made a part of the above affidavit, gives more in detail the alleged defects in the highway, and showing very substantial variations from the requirements of the contract.

[1, 2] There was, it will be seen, a decided issue presented by the petition and the replying affidavit. The relator felt that it was necessary to his relief by mandamus to allege the full performance of his contracts, which it has done, and the respondent, by affidavit, challenges the truth of these allegations, and asserts that the roadway in question was not constructed in accordance with the contracts, pointing out defects which, if established, would clearly constitute a fraud upon the state. The relator having been awarded a peremptory writ in the face of the opposing affidavits, all the allegations and denials in the opposing papers must now be taken to be true in the same way as if the relator had demurred to the answer. People ex rel. Dady v. Coler, 171 N. Y. 373, 376, 64 N. E. 149, and authorities there cited. Under this rule it must be assumed that "said relator has failed and neglected to complete said road according to the contract, plans and specifications therefor and did not perform the work on said road in a proper, workmanlike and efficient manner, and that the road as it stood at the time of said cancellation of said contract was composed of loose stones, sandy loam and in some places clay, was full of holes and ruts and fast going to pieces, all in violation of relator's said agreements," and that the highway was deficient in all the respects shown under the report of Joseph Curren.

It is suggested that no fraud or deceit is alleged, but facts are alleged which, if true, constitute a fraud upon the people of the state of New York, and it is not necessary that the pleadings should use the particular word. For instance, Mr. Curren says that he made 17 openings in the road at various points indicated and that:

He "found that no attempt had been made to comply with the specifications either in the top or bottom course. For the whole distance of the road the bottom course consists of five inches of loose stone filled with excess quantity of loamy sand, the excess at every opening being so great as to leave spaces as large as an inch or more between each piece of stone in the bottom course. When uncovered, the stone in the bottom course could be easily picked out with the fingers. * * * There is absolutely no bond in the bottom course."

Obviously this is not an honest performance of the contract, and, if true, constitutes a fraud which ought not to be overlooked because of any alleged approval on the part of public officials. Good faith is written by the law into all contracts (Industrial & General Trust, Ltd., v. Tod, 180 N. Y. 215, 225, 73 N. E. 7), and if the relator has not performed this contract in good faith he is clearly not entitled to the aid of the court in securing payment. The writ of mandamus is not always demandable as an absolute right, and whether it shall be granted or not frequently rests in the discretion of the court. The writ will be granted to prevent failure of justice, but never to promote manifest injustice. It is a remedial process and may be used to remedy a wrong, but not to promote one; to compel the discharge of a duty which ought to be performed, but not to compel the performance of an act which will work a public or private mischief, or to compel a compliance with the strict letter of the law in disregard of its spirit or in aid of a palpable fraud. The relator must come into court with clean hands, and he cannot invoke this extraordinary remedy to gain an advantage which would not be accorded him in a court of law or equity. People ex rel. Wood v. Assessors, etc., 137 N. Y. 201, 204, 33 N. E. 145, and authorities there cited.

The claim here is disputed. It is alleged on the part of a public official, charged with a duty in respect to the highways, that this contract has not been performed; that there are conditions unperformed which make the roadway practically valueless within one year of its alleged completion, and the failure to perform which is in law fraudulent. The most that the relator was entitled to was an alternative writ, under which the disputed question of fact could have been settled. The granting of the writ of mandamus, whether peremptory or alternative, generally involves the exercise of discretion. The court in cases of this kind has the undoubted right to refuse the writ in either form and remand the party to an action. People ex rel. Dady v. Coler, 171 N. Y. 373, 376, 64 N. E. 149. It seems clear to us that, in view of the facts alleged in the respondent's affidavits, it was error on the part of the court at Special Term to grant a peremptory writ, and the many abuses which have been committed in connection with the highway work of this state make it improper for this court, by an extraordinary remedy, to compel the payment of a claim of this importance where the facts are disputed in behalf of the state. It may be a misfortune to the relator to be compelled to litigate this claim at this day, but individuals generally are compelled to establish performance of their contracts as a condition of aid from the courts, and there is so much of question here that we do not think it should be disposed of in any summary manner.

The order should be reversed, and the writ of mandamus denied. All concur.