In the Matter of the Application of PATRICK F. ROX, Petitioner, for a Peremptory Order of Mandamus against EDWARD C. SWEENEY, as Commissioner of Public Safety of the City of Saratoga Springs, N. Y., and the CITY COUNCIL OF THE CITY OF SARATOGA SPRINGS, N. Y., Respondents.

Supreme Court, Saratoga County, April 6, 1928.

Municipal corporations — police department — application for peremptory order of mandamus to reinstate petitioner to position of " detective " in police department of city of Saratoga Springs — petitioner does not effectively deny respondent's allegation that position was not in competitive classified civil service — position not placed in competitive class pursuant to Civil Service Law, § 11 — petitioner not separated from service within meaning of Civil Service Law, § 31 — order of mandamus denied.

Petitioner, a member of the police force of the city of Saratoga Springs, is not entitled to a peremptory order of mandamus reinstating him as a " detective "

in the department, where he fails to effectively deny by affidavit respondent's claim that the position of detective was not in the competitive classification of the city civil service, since mandamus will not issue in doubtful cases.

Where no rule has been adopted by a municipal civil service commission and approved by the mayor and the State Civil Service Commission, as required by section 11 of the Civil Service Law, placing a position in the competitive class, the mere giving of an examination for said position or the ministerial act of including it in an annual report to the State Civil Service Commission, does not effect the placing of the position in the competitive class.

Petitioner was not separated from the service, within the meaning of section 31 of the Civil Service Law, for it appears that he was retained in the department as patrolman and ordered to report as such for duty.

APPLICATION for a peremptory order of mandamus.

*Theodore A. Knapp,* for the petitioner.

*John A. Slade,* for the respondents.

BREWSTER, J. Petitioner moves for a peremptory order of mandamus directing the commissioner of public safety of the city of Saratoga Springs, N. Y., to reinstate him as " detective " in the police department of said city, and directing the city council thereof to authorize and order paid to him his salary accrued since his separation from the department and thereafter as the same shall become due.

On January 4, 1928, petitioner and three other patrolmen of the police department of the city held therein positions called " detectives." On that date the commissioner of public safety reduced this number to three and directed petitioner to report the following day as patrolman. This he refused to do, claiming that his position as detective was in the classified competitive civil service of said city and that because of the seniority rule prescribed by section 31 of the Civil Service Law (added by Laws of 1919, chap. 251, as amd. by Laws of 1927, chaps. 319 and 441), another detective, whose appointment as such was junior to his, should have been the one thus demoted. This junior appointee as detective was in fact senior to petitioner as regards appointment to the police service of said city and, if the position of detective is in the competitive class under legally established rules of the municipal civil service commission of said city, it would be necessary to construe section 31 of the Civil Service Law to the extent of determining whether the suspension occasioned by the abolition of a position which is required to " be made in the inverse order of the original appointment in service " is to operate with reference to the original appointment to the particular position thus abolished or, rather, to the general service wherein said position is an interdepartmental classification.

However, for the reasons later assigned, I do not deem it necessary to pass upon this question.

Petitioner has established that the municipal civil service commission of said city, on March 24, 1924, gave a competitive examination for the position of detective in the police department, and that on February 25, 1926, it gave a similar examination for promotion from patrolman to detective, and that the petitioner took and passed each of said examinations. The defendant commissioner of public safety, in his answer and opposing affidavit, alleges, on information and belief, that the position of detective is not one in the competitive class or a position subject to a qualifying examination under the Civil Service Law or rules of the municipal civil service commission of said city and that the latter's assumed jurisdiction with reference to the same was "unwarranted and without legal authority or effect." In his reply affidavit petitioner presents and makes a part thereof an extract from the report of said municipal commission to the State Civil Service Commission for the year ending December 31, 1926. From this it appears that the names of the petitioner and three others were therein reported as holding the position of "detective" under a topical subheading of "police department." It also appears therefrom that all the members from said department were thus reported together with their respective salaries and the departmental titles of their positions, and that all of this detail was thus reported under a subheading entitled "competitive class department of public safety." What action, if any, the State Commission took with reference to this report does not appear.

Where a peremptory order of mandamus is applied for all the allegations and denials in the opposing papers are to be taken as true in the same way as if petitioner had demurred to the answer (*People ex rel. Dady* v. *Coler*, 171 N. Y. 373, 376), and, while respondent's allegation that petitioner's position of detective was not in the competitive classification of the city's civil service is thus made upon information and belief and, therefore, cannot avail against positive sworn averments to the contrary (*People ex rel. Frost* v. *N. Y. C. & H. R. R. R. Co.*, 61 App. Div. 494, 496), it is noted that neither in his moving nor reply affidavits has petitioner made such averments. He has alleged the giving of competitive examinations for said position by the commission and that it reported to the State Commission for the year 1926 as aforestated. These positive, verified allegations are made with great particularity and nicety of statement but the all-important premise that the position in question was one duly established in the competitive class of the city's civil service by its duly constituted commission, is neither

alleged nor otherwise alluded to.   The statute (Civil Service Law, § 11, subd. 1, as amd. by Laws of 1923, chap. 177) is to the effect that a function of this commission when constituted as therein provided, is " to prescribe  *  *  *  rules for the classification of the offices, places and employments in the classified service of said city, and for appointments and promotions therein and examinations therefor;  *  *  *." The giving of competitive examinations for the position may presuppose the prior establishment of a rule and be some evidence that such rule had been duly adopted so classifying the position, but, to my mind, it does not prove the necessary fact. Where no such rule has been adopted placing a position in the competitive class, the mere giving of an examination therefor or the ministerial act of its inclusion in an annual report to the State Commission, in my opinion, fails to create such status.   (*People ex rel. Moriarty* v. *Creelman,* 152 App. Div. 147, 155; 206 N. Y. 570, 573.)   The examinations may have been given extra-legally and for a variety of reasons and the inclusion of the title of the position in the annual report, inadvertence.   Moreover, if it be held that the giving of the examinations and the report for the year 1926 above referred to satisfactorily prove the establishment or promulgation of the requisite rule of classification, still nothing has been presented showing that such rule, thus established, has been validated and made effective by the approval by the mayor and the State Commission.   No rule of the local commission, however adopted, can become operative and valid until such approval has been secured. (Civ. Serv. Law, § 11, subd. 2; *People ex rel. Barron* v. *Scannell,* 30 Misc. 328, 329.   See, also, *People ex rel. Mehegan* v. *Scannell,* 28 id. 401.)

In his brief, petitioner has cited rule VII of the local municipal commission which is to the effect that " the competitive class includes all persons employed or appointed in the public service whose position is not specifically included in the exempt, non-competitive or labor class but no examination shall be held for a position until it has been specifically stated in the list for the competitive class hereunto annexed."   It is conceded that the list last referred to does not and never did contain a statement of the position to which petitioner seeks reinstatement.   Further, the abolition of this position of detective which was thus non-classified as competitive and not made subject to a qualifying examination, did not operate to separate petitioner from the service in the sense referred to by section 31 of the Civil Service Law for it appears he was still retained in the police service as patrolman and ordered to report for duty.   For the reasons assigned, I feel obliged to hold that petitioner has failed to establish a clear and unquestioned

legal right to what he has asked for, and as the peremptory order will not issue in doubtful cases (*Matter of Brooklyn Improvement Co.* v. *Pounds,* 174 App. Div. 448, 451), I, therefore, deny petitioner's motion, but without costs.

Submit order.