In the Matter of the Application of HUGH S. DORSEY, Petitioner, for a Peremptory Order of Mandamus against EDWARD C. SWEENEY, as Commissioner of Public Safety of the City of Saratoga Springs, N. Y., and THOMAS F. MAGOVERN and Others, as Civil Service Commissioners, Constituting the Civil Service Commission of the City of Saratoga Springs, N. Y., Respondents.

Supreme Court, Saratoga County, April 6, 1928.

**Municipal corporations — police department — application for peremptory order of mandamus reinstating petitioner to position of " sergeant of police " in city of Saratoga Springs — failure of petitioner to show his clear legal right to protection of Civil Service Law precludes granting of order — mere fact that municipal civil service commission gave him examination for position, which he passed, does not establish existence of position.**

Petitioner, who, until directed to report to a superior officer as a patrolman in the department of police of the city of Saratoga Springs, held the position of " sergeant of police," is not entitled to a peremptory order of mandamus directing his reinstatement as sergeant, in the absence of anything to show his clear legal right to the protection of the Civil Service Law; this is a condition precedent to a consideration of petitioner's complaint and required him to establish that the position, to which he seeks reinstatement, was one duly established in the competitive classification of the city civil service.

The fact that the municipal civil service commission of the city of Saratoga Springs gave petitioner an examination for the position of " sergeant of police,"² which he passed, and to which he was appointed, does not establish the existence of the position.

APPLICATION for a peremptory order of mandamus.

*Theodore A. Knapp,* for the petitioner.

*John A. Slade,* for the respondents.

BREWSTER, J.   On January 4, 1928, petitioner, a patrolman of the police department of the city of Saratoga Springs, N. Y., held therein a position called " sergeant of police " and on said date the commissioner of public safety of the city abolished said position and petitioner was directed to report the following day for duty as a patrolman.   He refused to do this, challenged the good faith of his superior in abolishing the position and protested on account thereof.   Petitioner now moves for a peremptory order of mandamus directing the respondent commissioner of public safety to reinstate

him as sergeant of police in the police department of the city and, in the alternative, in case of a question of fact arising upon his allegations of bad faith in the abolition of the position, for an alternative order of mandamus directing such reinstatement or that said respondent show cause why said position was properly abolished, and, in the event of the establishment of a proper abolition, that peremptory orders of mandamus issue directing said respondent to certify to the respondent civil service commission of said city the facts incident thereto as prescribed by law and directing the latter to place petitioner's name upon a preferred list and thereafter certify accordingly.

In his petition petitioner alleges that " in or about the year 1924 " he passed a competitive civil service examination given by the local municipal civil service commission for the position of sergeant of police in the police department and was thereafter appointed thereto by the then commissioner of public safety and held the same until the position was abolished as aforestated. Annexed to his petition as an exhibit and made a part thereof is a copy of a portion of what purports to be a copy of the minutes of a meeting of the municipal civil service commission held March 27, 1924, substantiating the allegations as to the reception and passing of said examination by petitioner. He further alleges that the position of sergeant of police has " been in existence for many years and has always heretofore been considered a necessary position," and to his reply affidavit he has annexed as a part thereof what purports to be an extract from the report of the municipal civil service commission to the State Commission for the year 1926. From this it appears that the name of petitioner was therein reported as holding the position of " sergeant of police " under the topical subheading of " police department." It also appears therefrom that all of the members of said department were thus reported under the subheading entitled " competitive class department of public safety."

Petitioner is not entitled to any of the relief he asks unless he first establishes his clear legal right to the protection of the provisions of the Civil Service Law. This is a condition precedent to a consideration of his complaint and thus requires him to establish that the position to which he seeks reinstatement was one duly established as such in the competitive classification of the city's civil service. This necessary premise he has wholly failed to allege and he has not otherwise established it to my satisfaction. For the reasons assigned and on the authorities cited in *Matter of Rox* v. *Sweeney,* decided contemporaneously herewith (131 Misc.

780), I hold that the mere fact that the local commission gave petitioner an examination for said position, that he passed it and was appointed thereto by the commissioner of public safety and that later the local commission reported as aforesaid to the State Commission for the year 1926, does not establish the existence of the essential premises. Having reached this conclusion it becomes unnecessary to pass upon the other matters presented by the pleadings and upon the argument.

Motion denied, without costs.

Submit order.