THE PEOPLE ex rel. JAMES D. MOTT, Respondents, v. THE BOARD OF SUPERVISORS OF THE COUNTY OF GREENE, Appellant.

An order directing the issuing of a writ of peremptory mandamus to compel the performance of an act required by law is only proper in case of a clear, unquestioned, legal right. It should not be granted where the claim is disputed and its validity controverted.

In such case an alternative writ should issue.

(Argued April 4, 1876; decided April 11, 1876.)

Statement of case.

APPEAL from order of the General Term of the Supreme Court in the third judicial department reversing an order of Special Term denying a motion for a writ of peremptory mandamus, and directing the issuing of such writ directed to defendant, commanding its members to assemble and impose a tax upon the taxable property of said county of Greene for the purpose of paying the interest upon certain bonds held by relator, issued by defendant.

The affidavits upon the part of the relator alleged, in substance, that under the provisions of the act of 1869, "to enable the supervisors of the counties of Greene and Ulster to issue bonds of said counties 'to refund taxes illegally collected" (chapter 215, Laws of 1869), certain bonds were issued by the board of supervisors of Greene county to the Farmers' National Bank of Catskill, two of which were assigned to the relator, who purchased in good faith, for full value, without notice of any objection to their validity or payment; that said board subsequently, by resolution, repudiated the bonds and forbade the county treasurer from paying them or the interest thereon, and that no money has been assessed or caused to be collected for the purpose of paying the interest due, but the board has refused so to do.

The principal affidavit presented on the part of the defendant contained the following allegations:

"That, at the session of the board in November, 1870, a resolution was passed forbidding the payment of the interest due on the bonds set forth in the moving papers, and since that time each year the board of supervisors have regularly repudiated and refused to pay the interest on them.

"These resolutions, thus annually passed, have been prepared under deponent's immediate supervision as a member of the committee to which the subject was referred, and deponent has been, and still is, a member of a committee appointed to take charge of and to attend to all the litigations in which the county may become or be made a party.

"The action of the different boards in relation to the bonds

which are alleged to have been issued in the moving papers was dictated by and taken upon the following grounds, viz. :

" 1. That a majority of the members of the board in 1869 did not vote for the resolutions authorizing the bonds.

" 2. That the passage of the said resolutions was accomplished by fraud, bribery and corruption, and not binding upon the county.

" 3. That the claims presented to the board were rejected, and the application to issue bonds denied ; this was conclusive upon the board, the banks and the county ; and that the subsequent convening of the board, its organization and action in causing said resolutions to be entered on the minutes of such special meeting were void and of no effect.

" 4. That the bonds were issued to an amount exceeding by $10,000 or thereabouts the amount for which in any view of the matter, under the act of the legislature, bonds could be issued ; that in 1872, in September, an action was brought by Clifford B. Rossell, in the United States Circuit Court for the southern district of New York, to recover the interest due on a portion of the bonds issued under the resolutions referred to in the moving papers, and which were of the same issue as the bonds involved in this application, and issued at the same time therewith.

" That said action is now pending ; an answer has been put in on the part of the county.    Deponent refers to the summons and complaint and the answer therein, and makes them a part of the affidavit for the purpose of showing upon what grounds payment of said bonds and interest is contested, and on what grounds the payment of the interest on the bonds for which mandamus is here asked will be contested, and which said answer is true of deponent's knowledge, except as to those matters stated on information and belief, and as to those matters he believe it to be true, and deponent hereby affirms the same."

In the answer referred to it was alleged, in substance, that in November, 1869, while the said board was in session, the claim of said Farmers' National Bank was presented and

application made for the issuing of bonds under said act, which was denied and the claim rejected; that after the adjournment of the board a call was issued for a special meeting, when the application was renewed and a series of resolutions procured to be entered on the minutes granting the application, but the defendant denied that it was by a majority vote or by a vote of a majority of the supervisors present; that the entry of the resolution was procured by fraud, and that defendant would show that some of the votes were procured by bribery, fraud and corruption; and alleged that the whole proceeding was a fraud committed for the purpose of illegally and improperly procuring bonds to be issued, and that such proceedings and the bonds issued in accordance therewith were not authorized under said statute, as they direct the issue of bonds for taxes paid in 1865; they include interest; they direct the issuing of bonds to banks having no existence at the time of the alleged wrongful assessment; and that bonds were authorized for an amount exceeding the alleged claim and interest.

*Amasa J. Parker* for the appellant. In a case where there is an adequate remedy at law, a mandamus will not lie. (*People* v. *Croton Bd.*, 49 Barb., 264; *People* v. *Suprs. Chenango*, 11 N. Y., 563; *Marsh* v. *Little Valley*, 4 N. Y. S. C., 116; 1 Hun, 554; 13 Alb. L. J., 164; *Northrop* v. *Pittsfield*, 2 N. Y. S. C., 111; *People* v. *Hawkins*, 46 N. Y., 11.) An action would lie against the county. (*Brady* v. *Suprs.*, 2 Sandf., 460; *Huff* v. *Knapp*, 1 Seld., 65, 67; 21 How., 123, 182; 12 Abb. [N. S.], 50; 12 N. Y., 52; *People* v. *Green*, 5 N. Y. S. C., 376.) A peremptory writ of mandamus can be granted only when the facts are unquestioned. (5 Wait's Pr., 575, 576; *Barnet* v. *College, etc.*, 7 How., 290–293; High's Ex. L. Rem., 552; 2 R. S. [Edm. ed.], 608; *People ex rel. Bk.* v. *Bd. Appmt.*, 3 Hun, 11; *People ex rel. Bk.* v. *Green*, id., 208; *People* v. *Contracting Bd.*, 27 N. Y., 378, 386; *People* v. *Throop*, 12 Wend., 183, 184; *People* v. *Suprs. Dutchess*, 1 How., 163; *People* v. *Suprs. Columbia*,

PEOPLE ex rel. MOTT *v.* BOARD OF SUPERVISORS. [April,

Opinion of the Court, per MILLER, J.

10 Wend., 363; *Hull* v. *Suprs. Oneida,* 19 J. R., 259 ; *People* v. *Suprs. Albany,* 12 id., 414; *Bright* v. *Suprs. Chenango,* 18 id., 242 ; *Doubleday* v. *Suprs. Broome,* 2 Cow., 533 ; *People* v. *Suprs. Schuyler,* 2 Abb. [N. S.], 78 ; *Ex parte Rogers,* 7 Cow., 526 ; *People* v. *Brennan,* 39 Barb., 522; *People* v. *Brown,* 55 N. Y., 180.)

*Jacob I. Werner* for the respondents. A peremptory mandamus is the relator's proper remedy. (5 Wait's Pr., 572, 573 ; *Brady* v. *Suprs. of N. Y.,* 2 Sandf., 460 ; 6 Seld., 260 ; *Boyce* v. *Suprs. Cayuga,* 20 Barb., 294 ; *Chase* v. *County of Saratoga,* 33 id., 603 ; 39 id., 522 ; 10 Wend., 363 ; *People* v. *Suprs. Schuyler,* 2 Abb. [N. S.], 78 ; *People* v. *Brown,* 55 N. Y., 193 ; *In re Gephard,* 1 J. Cas., 134 ; Tapping's Mand., " Return," 353.)

MILLER, J. The relator seeks, by writ of mandamus, to compel the payment of the interest upon two bonds purporting to be issued by the board of supervisors of the county of Greene, in pursuance of chapter 215 of the Laws of 1869, which authorizes the board of supervisors of said county, if in their discretion they should see fit to do so, to issue the bonds of said county to any banks therein which had paid taxes, during the years 1863 and 1864, upon any portion of their capital stock invested in securities of the United States, exempt by law from taxation.

The principles which govern the issuing of a writ of mandamus to compel the performance of an act which the law requires, are quite well established, and it is settled that where a remedy of this character is invoked there must be a clear and unquestioned legal right. (*People* v. *Hawkins,* 46 N. Y., 9 ; *Northrup* v. *The Town of Pittsfield,* 2 N. Y. S. C., 111 ; *People* v. *Croton Board,* 49 Barb., 264 ; *People* v. *Board of Apportionment,* 3 Hun, 11 ; *People* v. *Green,* 5 N. Y. S. C., 376.)

The authorities cited and others stated in the cases referred to, uphold the doctrine that where the claim is disputed and

its validity controverted, then the writ of mandamus cannot be invoked. The demand of the relator in the case at bar falls short of establishing a right to a peremptory mandamus, within the rule laid down, as an abstract proposition. Upon the papers a fair subject for legal controversy is presented, which should not be disposed of summarily, but after a full opportunity has been offered to try and determine the validity of the claim which has been interposed.

The bonds in question are issued under a special act of the legislature of the State, and unless the provisions of that act are faithfully and substantially pursued, it is questionable whether they have any legal validity and effect. They are assailed by the affidavits in opposition to the motion on various grounds; and, among others, it is alleged that the bonds authorized by the act were issued, without sanction of law, for an amount exceeding the sum which the legislature provided for; that they embraced taxes unpaid in the year 1865, and interest upon taxes which the statute does not include, and that the resolutions which sanctioned the bonds were not passed by a majority of the members of the board of supervisors.

These objections are sufficiently stated, so as to controvert many of the material facts upon which the relator relies, and present issues which should be tried in the ordinary course of legal procedure. Grave questions of this character cannot well be disposed of upon affidavits which are at all conflicting and call for a decision upon controverted facts. The statements made by the appellants, in answer to the application, are not to be considered as mere expressions of opinion, but contain allegations which are very properly the subject of legal investigation, and a peremptory mandamus does not furnish the best and most orderly mode of determining questions of this character.

It is quite obvious that this is not a case for a peremptory mandamus; and as the act provides that the bonds shall be of the same force and effect as if issued in pursuance of chapter 15, Session Laws of 1863, and the several acts amendatory thereof, and as the board of supervisors are directed

to cause a tax to be levied in such cases for the payment of the principal as well as the interest upon bonds thus issued, no valid reason is shown why an alternative mandamus should not issue. This is done sometimes when the facts on which the relator relies are in dispute, or where the parties wish to review the case on appeal, or upon the suggestion of either party. In this way the rights of all the parties can be fully protected and the ends of justice answered. In the observations made it is not intended to express any opinion as to the legality of the bonds in controversy, as that question more properly belongs to another forum.

The order appealed from should be modified so as to direct that an alternative mandamus issue.

All concur.

Ordered accordingly.