THE PEOPLE OF THE STATE OF NEW YORK, ex rel. GEORGE W. WALKER, Secretary and Treasurer and Incorporator of the Walker Glass Importing, Silvering and Manufacturing Company, Appellant, v. ISAIAH C. BABCOCK, Treasurer of the Adams Express Company, Respondent.

*Express company — will not be compelled by mandamus to carry goods, subject to the common-law liabilities of a common-carrier.*

Where an express company refuses to carry fragile goods, such as glass, offered to it for transportation, unless the shipper will accept a receipt containing a contract limiting the company's liability for breakage, etc., a mandamus will not issue, commanding the express company to carry the goods, subject to all the common-law of liabilities of a common-carrier.

Appeal from an order, made at a Special Term, denying an application for an alternative writ of mandamus. The relator made an affidavit stating that he was " the secretary and treasurer of the Walker Glass Importing, Silvering and Manufacturing ·Company. That said company was organized under the statute of this State, that their place of business was in the city of New York; that it becomes necessary for said corporation, in the carrying on their extensive business, to send their products to all parts of the country; that for several years the said company has been accustomed to send the articles manufactured by said company by express to their customers in different parts of the country, within and without this State; that they have done the most part of their business with the Adams Express Company, * .* * common-carriers; that, as to the said Glass Company, they have sought to limit their responsibility by receipts; * * * that this day he sent a package of glass to be forwarded to a customer at Baltimore; * * * that deponent offered to pay them their charge for carrying said package to Baltimore, and handed the said agent the full amount of the customary charge for such service, and more, and requested said Adams Express Company to carry said package, and said to said agent that he did not require any receipt whatever, but requested said Adams Express Company to carry said

package to Baltimore, as aforesaid, offering to pay as aforesaid, and actually tendering the money therefor ;" that the company refused to carry the goods, unless the usual receipt was given and accepted. The proposed alternative writ was to the effect that the company, immediately after the receipt of this writ, no longer "refuse to transport such merchandise as said Walker Glass Importing, Silvering and Manufacturing Company may reasonably offer to you for that purpose, over any of your established lines as common-carriers, upon the tender to you of the accustomed price for such transportation or carriage, and that you perform without restriction your duties as common-carriers to the general public, whenever called upon and paid the accustomed and reasonable compensation therefor ; or that you show cause to the contrary."

The respondent claimed that it had never discriminated in any way against the relator, but had always been and was willing and ready to carry goods for the relator on the same terms and conditions as it imposed upon other parties.

*II. O. Southworth*, for the relator. In a matter of public right, any citizen of the State may be a relator in an application for a mandamus. (19 Wend., 56; 1 Chitty, 479; 1 Cow., 23, 529; 4 id., 544; *Rex* v. *The Justices of Herfordshire*, 1 Chitty, 700; *Rex* v. *Sparrow*, 2 Strange, 250; 3 Term R. [D. & E.], 574, note.) As to who are common-carriers and their duty. (1 E. D. Smith, 115, marg. note; 1 id., 132, text, 133; 6 How. [U. S.], 344.) If the carrier refuse to do his duties due the public or individuals, the court will compel him by mandamus, there being manifestly no other adequate remedy. (4 Seldon, 383; 1 Hill, 544; 1 id., 533; 18 Wend., 91; 1 Bl. Rep., 352; Cowper, 376; 5 Comyn's Dig.,21; 5 Wend., 114; *The People* v. *Steele*, 2 Barb., 401; 2 B. R., 419; 10 Wend., 393; 23 id., 457; 20 Pick., 484; 12 Pet., 629.)

*C. A. Seward* and *Chas. M. Da Costa*, for the respondent. A carrier has a right to reject, as against all the public, a specified class of shipments, and he has an equal right to say that, if requested to carry them, his liability in respect thereto should not be that of the common law, but such as he is willing to assent to.

(*Sewell* v. *Allen*, 6 Wend., 355; 7 Eng. L. & Eq., 397; 1 Pars. on Conts., 645, 649, 710, 715; *Edwards* v. *Sherratt*, 1 East, 611; *Beal* v. *South Devon Co.*, 5 H. & N., 875; *Harrison* v. *London Co.*, 8 Jurist [N. S.], 740; *New Jersey Co.* v. *Merchants' Bank*, 6 How., 344.) In relation to this particular express company, it has been frequently decided in this State that its bills of lading were lawful and that it might lawfully limit its liability. (*Kirkland* v. *Dinsmore*, 62 N. Y., 171; *Magnin* v. *Dinsmore*, 56 id., 168; 62 id., 35; Daily Reg., Oct. 6, 1877; *McDougal* v. *Bell*, 4 Cal., 177.) To entitle the relator to a mandamus, he must show First. An undisputed legal right (64 N. Y., 600; 66 id., 606); Second. That Babcock's legal duty is to permit him to exercise it. (*Kentucky* v. *Dennison*, 24 How., 66; 1 Ohio St. [*supra*]; 22 Wis., 250 [*supra*]; 66 N. Y., 606.) Third. That such duty is a public one and in accordance with the general usage of the company. (55 Ill., 110; 2 Harring., 48; 10 N. H., 486.) Fourth. And in accordance with the public professions of the company. Fifth. Finally, that he is remediless at and by the course of the common law; and that, unless a mandamus be issued, there will be a defect of justice. (*Kentucky* v. *Dennison*, 24 How., 66; *People* v. *Supervisors*, 12 Barb., 220; *King* v. *Bishop*, 1 T. R., 394, 404; *People* v. *Corporation*, 1 Wend., 325; *Wilkinson* v. *Bank*, 3 R. I., 22.) Where there is a common-law remedy, a mandamus cannot issue. (*People* v. *Board*, 64 N. Y., 627; *Re Shipley*, 10 Johns., 484.) If the relator is correct in his claim, he has a complete legal remedy, at and by the course of the common law, by an action on the case. (*Jackson* v. *Rogers*, 2 Shower, 327; Angel on Carriers [ed. of 1876], § 124, and cases cited in note.)

POTTER, J.:

We think this order, from which this appeal is taken, was properly made. The remedy which the relator sought to avail himself of is exceptional and extraordinary and, as applicable to the facts in this case, without precedent. He asks this court, by its mandate, to compel the respondents to receive, carry and deliver glass for him, under the rigorous responsibility imposed upon common-carriers by the common law. The objections inter-

posed by the respondent, to this extraordinary proceeding, are both technical and substantial. We do not deem it necessary to refer to but one or two of them, and not to discuss them at any length. The court will not issue the writ of mandamus to compel the performance of an act unless the relator has a clear and unquestioned right to have the specific act performed. (*The People ex rel. Mott* v. *The Board of Supervisors of Greene Co.*, 64 N. Y., 600.)

We do not think the facts stated in the affidavits such as these— that the respondent, who has been engaged in the express business since 1854, carrying glass and other fragile articles, uniformly upon the terms expressed in the printed receipt offered to the relator and for the relator himself, for the last four years, and which is substantially the same as the terms on which six of the principal express companies have for a long time and still carry this class of wares, and have never publicly professed to carry otherwise— make a case of clear unquestioned right in the relator to have his glass carried and delivered under the strict and unqualified liability of the common-carrier.

But another requisite to the writ of mandamus is the incapacity of the common-law to afford an appropriate remedy for the enforcement of this clear right. (*People ex rel. Tenth National Bank* v. *The Board of Apportionment, etc.*, 64 N. Y., 627; *In re Shipley*, 10 John., 484; *The People ex rel. Isaac* v. *Allen Campbell, Com'r*, decided by the Court of Appeals; not yet reported.)

We got an early impression from numerous cases running back a great many years, and still have it, that the common law afforded a party aggrieved by the unwarranted refusal of a common-carrier to receive, carry, and deliver his goods, a remedy, ample and appropriate, in an action to recover damages for such refusal.

We think the order appealed from should be affirmed, with ten dollars costs and disbursements.

INGALLS, P, J., concurred in the result; DANIELS, J., taking no part.

Order affirmed, with ten dollars costs and disbursements.