PEOPLE ex rel. AJAS v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. MANDAMUS—REMEDY AT LAW.
    Where the right of a janitor of a public school building to an increased salary claimed by him was controverted on questions of law and fact, he was not entitled to mandamus to compel the board of education to put his name on the pay roll at the increased rate of salary, there being an adequate remedy by action at law.
    [Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, § 30.]

2. SAME—AFFIDAVIT OF DEFENDANT—ADMISSION OF TRUTH.
    Where, in mandamus, relator takes no issue on the allegations of the affidavit of defendants, but proceeds to argument, the truth of defendants' allegations is admitted.

3. MUNICIPAL CORPORATIONS—SCHOOLS—SALARY OF JANITORS.
    Revised Greater New York Charter, § 1668 (Laws 1901, p. 455, c. 466), provides that until the board of education shall act under the section, the by-laws, rules, and regulations of the board of education and of the borough school boards in force on January 1, 1902, shall remain in force. At this time a rule for establishing the salaries of janitors of school buildings was in force in the boroughs of Manhattan and the Bronx. At the same time a different system of regulating compensation of janitors was in use in Brooklyn, under the approval of the borough school board, such rule being adapted to conditions in Brooklyn. Section 56.

of the charter (page 32) authorizes the board of education to appoint janitors and to fix certain salaries, not including those of janitors.  *Held*, that the continuance by the board of education of the rule for fixing janitors' salaries in the boroughs of Manhattan and the Bronx did not constitute an adoption of that rule as to all of Greater New York, but that the regulations existing in Brooklyn on January 1, 1902, were continued as to that borough after consolidation.

Appeal from Special Term, Kings County.

Mandamus, on the relation of Paul Ajas, against the board of education of the city of New York.   From an order denying a motion for a peremptory writ, relator appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Louis J. Halbert, for appellant.

William Hughes (James D. Bell, on the brief), for respondent.

WOODWARD, J.   The relator is janitor of Public School No. 123 of the borough of Brooklyn, and he seeks a peremptory writ of mandamus to compel the board of education of the city of New York to place his name upon the pay roll of the said board of education at the annual salary of $4,633.97 per annum, it being claimed that he is entitled to this sum by reasons of the provisions of section 47 of the rules and regulations of the school board of the boroughs of Manhattan and the Bronx, which, it is claimed, constitutes the prevailing rate of wages established by the board of education for the calculation of and the payment of janitors' salaries in the city of New York.   The learned court at Special Term has denied the writ, and the relator appeals to this court.

The order appealed from should be affirmed.   It is not the province of a writ of mandamus to adjust controverted questions of law and fact.   These belong to the field of actions, and, while there have been adjudications of this class of questions, it is rarely that an appellate court interferes with the discretion of the court at Special Term to compel action.   If the relator is entitled to the amount of compensation which he claims, and any part of such compensation is denied him when it shall become due and payable, he has a complete remedy at law to compel the payment of such sum, and once the law is settled there is no reason to assume that the board of education will refuse to do its duty.   No rule is better settled by the decisions of the courts than that in such a case mandamus will not lie.   People ex rel. Lunney v. Campbell, 72 N. Y. 496, 498, and authorities there cited;  People ex rel. Dowdney v. Thompson, 99 N. Y. 641, 1 N. E. 542.   The writ of mandamus is not always demandable as a matter of right, and whether it shall be granted or not frequently rests in the discretion of the court (People ex rel. Wood v. Assessors, 137 N. Y. 201, 204, 33 N. E. 145, and authorities there cited), and this is peculiarly true where the rights of the party are not clear and unquestioned.   "The principles which govern the issuing of a writ of mandamus to compel the performance of an act which the law requires are quite well established, and it is settled that where a remedy of this character is invoked there must

be a clear and unquestioned legal right." People ex rel. Mott v. Board of Supervisors, 64 N. Y. 600, 604, and authorities there cited; People ex rel. Slavin v. Wendell, 71 N. Y. 171, 172; People ex rel. Dady v. Coler, 171 N. Y. 373, 376, 377, 64 N. E. 149, and authorities there cited.

The affidavits before us in this case differ in their statement of facts. In such a case, if the relator takes no issue upon the allegations of the affidavit of the defendants, and proceeds to argument, and asks for a peremptory writ, that is equivalent to a demurrer. It admits the truth of those allegations as statements of fact, but denies their sufficiency in law to prevent the issuing of the writ. People v. Supervisors, 73 N. Y. 173, 175; People ex rel. Dady v. Coler, supra. The theory of the relator is that under the authority of section 1068 of the Revised Greater New York Charter, that "until the board of education shall act under the provisions of this section the by-laws, rules and regulations of the board of education and of the several borough school boards in force on the first day of January, nineteen hundred and two, shall remain in full force and effect so far as they are not inconsistent with the provisions of this act and are applicable," the board of education has adopted a rule existing in the old city of New York, including the present boroughs of Manhattan and the Bronx, for establishing the salaries or compensation of janitors, and that under this rule he is denied full compensation. The rule to which reference was made involves a measurement of spaces and a counting of boilers used in heating, fans, etc., and was designed originally to meet the situation in the compact city of New York as it existed prior to the consolidation. At the same time there was a system extant in Brooklyn, "adopted by the superintendent of school buildings," and the respondent "denies that such system is no longer in existence, and avers that such system was approved by the borough school board prior to the merger of said borough board on February 3, 1902, for the general board as then organized; and the schedule fixed by said superintendent is the only established regulation now standing fixing the compensation of Brooklyn janitors, and has been so recognized by the respondent, the board of education of the city of New York, except so far as same has been increased or amended by the board of estimate and apportionment of the city of New York, as hereinafter set forth." It appears to be recognized and admitted by the relator that the salaries of janitors in the boroughs of Richmond and Queens, both within the city of New York, were adjusted upon a different basis from those of either Brooklyn or Manhattan and the Bronx, and a careful reading of the charter shows that section 47 of the rules and regulations and by-laws of the school board of Manhattan and the Bronx is inconsistent with and not applicable to the relator's situation, and it must therefore be denied any force or effect. It was not designed to afford a rule for adjusting salaries or compensation in the Greater New York, but for the compact boroughs of Manhattan and the Bronx; and the school board of Brooklyn having had a system, which system is alleged to

be in force and effect now, it is difficult to see where the relator has any better right to hold that section 47 controls than that the rule heretofore in effect in Brooklyn should govern. If one rule was preserved by the statute, it is equally clear that the other must have been; and the two rules, suited to the localities for which they were designed, and differing from those in effect in the boroughs of Queens and Richmond, appear to us much more in harmony with section 56 of the Greater New York Charter, as well as with its general scope and purposes, than the forced construction which the relator seeks to place upon it. There is no reason to assume that the Legislature, by a general provision to retain in force such rules, regulations, etc., as might be necessary to facilitate public business, intended to confer an obligation upon the board of education to increase the salaries of janitors in the borough of Brooklyn, or through the entire territory. That they did not is evident by the provisions in section 56 of the charter. This gives the power to fix all salaries paid out of the city treasury with certain exceptions, and there is no authority given the board of education to fix the salaries of janitors, though the power to appoint them is specially delegated. The general scheme of the charter was to merge various municipalities under one government with as little change as possible in the details of administration, and it may be assumed that, if the Legislature had intended to increase salaries, this fact would have been made manifest in a more direct way than by a provision continuing in force unknown rules and regulations. The last clause of section 56 provides that "all salaries as fixed on the first day of January, nineteen hundred and two, shall continue in force until fixed by the board of aldermen as in this section provided"; and it is conceded, for the purposes of this controversy at least, that on the "8th day of January, 1904, the board of estimate and apportionment adopted a resolution, subject to the concurrence of the board of aldermen, ratifying and confirming the action of the board of education fixing the relator's salary as janitor of Public School No. 123, Brooklyn, at $3,753.12 from December 1, 1903; that the salary so fixed was approved and adopted by a resolution of the board of aldermen of the city of New York on the 15th day of March, 1904, and the resolution was approved by the mayor March 18, 1904"; and the relator "received certain sums of money from the board of education, or its representative, the city of New York, for which monthly payment the plaintiff receipted in full accord and satisfaction without protest or reservation for all claims for which the plaintiff at these times respectively had against the board of education of the city of New York for his services as a janitor of a public school"; these payments being made subsequent to the increase of salary above mentioned. The relator accepted employment under the same conditions which now prevail. His salary has been increased by the action of the proper officials. He has accepted such increase, and receipted for the same; and, if he has any claims which are valid in law, the courts afford him an adequate remedy by means of an action, so that he has no cause for

complaint if this court refuses to grant him the relief demanded, to which we are convinced he has no right.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur; HIRSCHBERG, P. J., in result.

