---

(107 App. Div. 338.)

### In re McNIELE.

### In re PHILLIPS.

(Supreme Court, Appellate Division, Second Department. August 31, 1905.)

MUNICIPAL CORPORATIONS — OFFICERS — CORONER'S AUTHORITY TO APPOINT CLERKS—STATUTORY PROVISIONS—CONSTRUCTION.

Greater New York Charter, Laws 1897, p. 547, c. 378, § 1570, provides for the election of a specified number of coroners in each borough of the city. Section 1571 provides that "the coroners in each borough shall have an office in said borough and shall appoint a clerk," who shall receive an annual salary. *Held* to authorize the coroners in a borough to appoint only one clerk, and not to authorize each coroner to separately appoint a clerk.

Appeal from Special Term, Kings County.

Separate applications for a writ of mandamus by Hector McNiele and Charles A. Phillips against George B. McClellan and others, composing the board of estimate and apportionment of the city of New York, to compel respondents to fix an annual salary for each relator as coroner's clerks. From an order granting peremptory writs of mandamus, the respondents appeal. Reversed.

Argued before BARTLETT, WOODWARD, RICH, and MILLER, JJ.

James D. Bell (R. B. Greenwood, on the brief), for appellants
Ferd. W. Buermyer, for respondents.

WOODWARD, J. These two orders involve the same question, and were argued together. The relators ask for a peremptory writ of mandamus to compel the board of estimate and apportionment of the city of New York to fix an annual salary to be paid to each of them, and to provide the funds for the payment of these salaries. They base their right to this writ upon appointments as coroner's clerks under the provisions of section 1571 of the Greater New York Charter, and we are of opinion that a fair reading of the section, in connection with section 1570, does not warrant the relief demanded, and that the learned court at Special Term erred in granting the writs.

Section 1570 of the Greater New York Charter (chapter 378, p. 547, Laws 1897) abolished the office of county coroner (People ex

rel. Burger v. Blair, 21 App. Div. 213, 47 N. Y. Supp. 495), and provided for the election of four coroners in the borough of Manhattan, two in the borough of the Bronx, two in the borough of Brooklyn, two in the borough of Queens, and one in the borough of Richmond. Section 1571 of the same act provided that:

"The coroners in each borough shall have an office in said borough, and shall appoint a clerk who shall receive an annual salary to be fixed by the board of estimate and apportionment and the municipal assembly, and such and so many assistant clerks as shall be provided for in the annual estimate."

Construing this language in its obvious sense, the two coroners of the borough of Brooklyn were to have an office in that borough, and the two coroners were authorized to appoint a clerk, and such other clerks as should be provided for in the annual budget. Instead of following out the plain intent and purpose of the statute, each of the two coroners has appointed a clerk, and this proceeding is brought to compel the board of estimate and apportionment to fix their salaries, and to provide for the payment of the same, and the prayer of the petitioners has been granted at Special Term. This, in our opinion, is entirely unwarranted. There is an absence of that clear legal right on the part of the relators which would justify the granting of a peremptory writ, and we are of opinion that neither of these relators has been duly appointed to the position for which he seeks to compel compensation. The power to appoint a clerk is given to the two coroners in the borough, not to each one separately, and there are no allegations in the petition bringing the relators within the provisions of the section in reference to assistant clerks. The same construction which has been placed upon the statute in reference to clerks would enable each of the coroners to appoint a stenographer, and it is entirely clear that this was not the purpose of the Legislature. As was said by this court in Ajas v. Board of Education (not yet officially reported) 93 N. Y. Supp. 300, "it is not the province of a writ of mandamus to adjust controverted questions of law and fact; these belong to the field of actions," and the authorities which were there cited abundantly support the doctrine and are conclusive in the matter now before us.

The orders appealed from should be reversed, with costs. All concur.