HOGAN v. BOARD OF EDUCATION. OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

SCHOOLS AND SCHOOL DISTRICTS (§ 63*)—DEPARTMENT OF EDUCATION—STATISTICIAN'S SALARY—AUTHORITY TO RAISE—STATUTES.

> Greater New York Charter (Laws 1897, c. 378) § 56, as amended by Laws 1901, c. 466, makes it the duty of the board of aldermen, on the recommendation of the board of estimate and apportionment, to fix the salary of every officer or person whose compensation is paid out of the city treasury, other than day laborers, and teachers, examiners, and members of the supervising staff of the department of education. Section 1067 declares that the board of education shall fix and regulate the salaries of the city superintendent of schools, the associate city superintendents, the district superintendents, and members of the board of examiners; and section 1091 provides that the board shall have power to fix the salaries of all members of the supervising and teaching staff. *Held,* that section 56 applies to all positions in the department of education not expressly excluded, and hence the board of aldermen, and not the board of education,. had power to increase the salary of a statistician in the department of education.

> [Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig.. § 63.*]

Appeal from Appellate Term.

Action by Lawrence F. Hogan against the Board of Education of the City of New York. From an order of the Appellate Term (65 Misc. Rep. 194, 119 N. Y. Supp. 734), reversing a judgment of the Municipal Court and sustaining a demurrer to the complaint, plaintiff appeals by permission. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

John E. O'Brien, for appellant.
Charles McIntyre, for respondent.

MILLER, J. The plaintiff, a statistician in the department of education of the city of New York, sues to recover the amount of an increase of salary voted him by the board of education, which had accrued prior to the commencement of the action. The sole question to be decided is whether the board of education had the power to increase the plaintiff's salary.

Section 56 of the Revised Charter (chapter 466, Laws 1901, as amended) provides, inter alia:

"It shall be the duty of the board of aldermen, upon the recommendation of the board of estimate and apportionment, to fix the salary of every officer or person whose compensation is paid out of the city treasury other than day laborers, and teachers, examiners and members of the supervising staff of the department of education."

The nature of the plaintiff's duties is not shown, except as it may be inferred from the title of the position held by him; but it is undisputed that he is not a day laborer, a teacher, an examiner, or a member of the supervising staff. It has twice been decided by this court in the Second Department that said section 56 applies to the positions in the department of education not expressly excluded. People ex rel. Ajas v. Board of Education, 104 App. Div. 162, 93 N. Y. Supp. 300; Farrell v. Board of Education, 113 App. Div. 405, 98 N. Y. Supp. 1046. If the construction of that section, standing alone, be doubtful, that doubt will at once be resolved upon construing it with reference to other provisions of the charter defining the powers of the board of education. Section 1067 provides that the board shall fix and regulate the salaries of the city superintendent of schools, of the associate city superintendents, and the district superintendents, and of members of the board of examiners; and section 1091 provides that the board shall have power to fix the salaries of all members of the supervising and the teaching staff. It thus appears that the scheme provided is harmonious. The board of aldermen, upon the recommendation of the board of estimate and apportionment, is to fix all salaries payable out of the city treasury, with certain enumerated exceptions, and the board of education is given the power to fix the salaries of the positions thus expressly excepted.

That view is further reinforced by reference to the original charter (chapter 378, Laws 1897). Sections 56, 1067, and 1091 of the Revised Charter correspond respectively with sections 56, 1069, and 1091 of the Charter of 1897. Section 56 of the act of 1897 did not contain the said exceptions enumerated in section 56 of the present charter; and section 1069 of the act of 1897 provided that the board of education should fix the salaries of the secretary of said board, of the superintendent of school buildings, of the superintendent of supplies, of the auditor or auditors, of the city superintendent of schools, of members of the board of examiners, and of any other officers, clerks,

or subordinates. The changes thus outlined plainly show a deliberate intention to change the scheme, and to give the board of aldermen the power to fix the salaries of positions in the department of education, except that of teachers, examiners, and members of the supervising staff. Superintendents are, of course, members of the supervising staff.

The appellant relies on the case of Gunnison v. Board of Education, 176 N. Y. 11, 68 N. E. 106. That case merely decided that the board of education was the proper party defendant in a suit to recover teachers' wages. So, too, it is the proper party defendant in this suit. The difficulty is that the plaintiff has no cause of action. It is true, of course, that the board of education is a corporation distinct from the municipality. It discharges a governmental function, but is not necessarily divorced from the city government. The Legislature might devolve its duties upon some other local agency. The question is one of construction, not one of power in the Legislature, and the construction of the statute in question seems too plain to admit of doubt.

The order should be affirmed, with costs. All concur.