PEOPLE ex rel. OSTER v. MURPHY.

(Supreme Court, Special Term, Queens County.  December 29, 1914.)

HEALTH (§ 32*)—TENEMENT HOUSES—AMENDMENT OF STATUTE.

Laws 1912, c. 13, amending the definition of a tenement house contained in Tenement House Law (Laws 1901, c. 334) § 2, subd. 1, does not repeal and re-enact the part of the definition retained, but that part continues in force as from the time of the original enactment, so that a building not theretofore registered as a tenement house, and against which violations had been filed by the tenement house department, does not thereby become entitled to registration as a legal tenement house, nor is the antecedent illegality extinguished.

[Ed. Note.—For other cases, see Health, Cent. Dig. § 32;  Dec. Dig. § 32.*]

Mandamus by the People of the State of New York, on the application of Grace Oster, against John J. Murphy, as Commissioner of the Tenement House Department of the City of New York.  On motion of relator for a peremptory writ.  Denied.

William J. Mahon, of Brooklyn, for relator.

Frank L. Polk, Corp. Counsel, of New York City (John P. O'Brien and F. E. V. Dunn, both of New York City, of counsel), for respondent.

CLARK, J.  September 27, 1906, relator's husband filed specifications with the bureau of buildings for the erection of two three-story houses; each being a "two-family" house, with a store on the ground floor.  The specifications were approved.  The buildings were erected pursuant thereto, and were finished about March, 1907.  Thereafter applications for alterations were made from time to time to the tenement house department, but were refused on the ground that the premises were not registered as tenement houses.  No applications for alterations have ever been made to the bureau of buildings.  No authorization has ever been issued from any department or bureau for the conversion of said buildings into tenements; but, on the contrary, the tenement house department has filed violations against the premises.  The buildings have always been used, according to the relator, as three-family houses; alterations having been made by which an additional family can be accommodated on each ground floor.

The relator now seeks a writ of mandamus directing that the violations be canceled and removed and that the premises be registered as tenement houses with the tenement house department.  "If the prayer of the petitioner is granted, and the buildings are recognized as tenement houses," says the counsel for the relator in his supplemental brief, "then they must conform to the Tenement House Law, and they must comply with its provisions, and they must therefore have fire escapes and the other necessary fixtures, as provided for in said law," thereby conceding that for five or six years last past the three tenant families on the premises have lacked at least the protection of fire escapes.  The relator rests her claim to relief upon the proposition

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that, although the buildings may not have been legally constituted tenement houses under the Tenement House Law of 1901 (Laws 1901, c. 334), yet upon the passage of the amendatory act of 1912 (Laws 1912, c. 13) they became instanter legally constituted tenement houses, entitled to registration as such; all antecedent illegality being forever extinguished.

Such effect of the amendment does not follow the rule applicable to the statutes in question as stated by Black in the following language:

"Where an amendment is made by declaring that the original statute 'shall be amended so as to read as follows,' retaining part of the original statute and incorporating therein new provisions, the effect is not to repeal and then re-enact the part retained, but such part remains in force as from the time of the original enactment, while the new provisions become operative at the time the amendatory act goes into effect." Black on the Interpretation of Laws (2d Ed.) § 168.

This construction of the law makes the buildings unlawful tenements from their completion in the year 1907 to the present time, justifies the filing of violations against them for continuous disregard of law, and, in fine, outlaws the tenements. Only after the removal of one family from each building may the relator expect a hearing in any bureau or department, or qualify herself for relief by mandamus, which responds only to a clear right (People ex rel. Ajas v. Board of Education, 104 App. Div. 162, 93 N. Y. Supp. 300) urged by a suitor with clean hands (People ex rel. Wood v. Assessors, 137 N. Y. 201, 33 N. E. 145).

The writ is denied, with costs.