In the Matter of the Application of THE BROOKLYN IMPROVE-MENT COMPANY, Appellant, for a Writ of Mandamus Directed to LEWIS H. POUNDS, as President of the Borough of Brooklyn, City of New York, Respondent.

Second Department, November 2, 1916.

**Mandamus — when writ will be granted — application for writ commanding removal of obstructions from canal denied.**

A writ of mandamus is an extraordinary remedy not demandable as matter of right, and whether it shall be granted in a given case rests in the sound discretion of the court.

When such a remedy is sought, a clear and unquestioned legal right must be presented, for the writ will not issue in doubtful cases.   In addition there must be no adequate or legal remedy to obtain the relief sought.

Hence, a corporation with power to construct and maintain docks, piers and basins along the " Gowanus Canal," which has constructed slips and basins connected with said canal, is not entitled to a writ of mandamus against the president of the borough of Brooklyn, compelling the dredging of parts of the slips or arms to render them navigable and free from obstructions resulting or caused by the discharge into said canal of the overflow sewers constructed or maintained by the city of New York, where there is uncertainty as to the cause of the obstructions and as to what part of it, if any, was caused by the discharge into the canal of the overflow sewers.

There being questions of both law and fact, they should be determined in an action, and if the municipality is under a duty to dredge the slips and basins and fails to do so, there is an adequate remedy at law for the recovery of resulting damages.

APPEAL by the petitioner, The Brooklyn Improvement Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 3d day of July, 1916, denying its application for a writ of mandamus.

*David H. M. Weynberg* [*Francis G. Hoyt* with him on the brief], for the appellant.

*Thomas F. Magner* [*Lamar Hardy, Corporation Counsel,* and *Frederick H. Van Houten* with him on the brief], for the respondent.

RICH, J.:

The petitioner was incorporated by chapter 857 of the Laws of 1866, which gave it the power "to construct, build and maintain docks, bulkheads, piers and basins along the Gowanus canal," as the same was then established, and upon lands adjacent thereto. By chapter 888 of the Laws of 1867 such charter was amended and the company thereby further authorized "to occupy and use, for the purposes of its docks, basins, canals and improvements, such portions of Fourth and Fifth streets as are situated wholly upon its own land between the Gowanus canal and Fourth avenue; and such portions of Sixth and Seventh streets as are between said canal and Second avenue." Under the powers so granted the appellant acquired title to a large tract of land on which it erected docks, piers, warehouses and other buildings and structures, some of which it leased to third parties for manufacturing and other purposes. It also constructed slips and basins which were connected with said canal, among them being one at Seventh street, extending 526 feet, one at Sixth street extending 487 feet, and one between Fourth and Fifth streets extending upwards of 1,000 feet from said canal, all of which were used by appellant's lessees in the transaction of their business.

The petition alleges that these slips or basins have become obstructed and rendered unnavigable solely by reason of the discharge into said canal and slips of mud, vegetable and other solid and semi-solid matter from the overflow sewers of the borough of Brooklyn. It is contended that the president of the borough is required, by the provisions of sections 392 and 393 of chapter 466 of the Laws of 1901, being the Greater New York charter, to dredge and keep said canal and basins free from all obstructions occasioned by the discharge of said sewers into the canal. The proceeding is brought against Lewis H. Pounds, as president of the borough of Brooklyn, and a writ of mandamus is demanded commanding him "to dredge said parts, slips or arms, to render navigable and free the same from all obstructions therein resulting from or caused by the discharge into said Gowanus canal of said overflow sewers constructed or maintained by the City of New York."

The contention of the respondent is that the canal is a work of the State; that the city as a corporation has no control over it; that the slips or basins are private property constructed by private capital upon private land for the private emolument of the appellant, whose duty as the owner is to properly dredge the slips and keep them free from obstructions and in good repair; that the only obligation resting upon the city is to keep the canal free from any obstruction occasioned by reason of the emptying of overflow sewers into it. There are no allegations in the petition showing how the alleged obstructions could be traced to the overflow sewers discharging into the canal; there is no averment that there are no sewers, other than overflow sewers, emptying into the canal or slips, or that private sewers on appellant's property and surface drainage therefrom are not discharged directly into said slips. It is not shown that quantities of animal, vegetable and other matter do not find their way into the slips through surface drainage or from the loading and unloading of scows and boats at the docks on appellant's property. No effort is made to eliminate other sources which might cause the conditions present in these basins and for which the city would not be responsible. The petition as to material matters fails to establish the proof required by the Code of Civil Procedure to warrant the issu-

ance of a writ of mandamus. (*People ex rel. Bourke* v. *Grout,* 107 App. Div. 228; Code Civ. Proc. §§ 2067, 2070.) The answering affidavits show that large quantities of coal, wire, manure and other substances of the character complained of go into the slips daily from the appellant's own premises, through private sewers, surface drainage, as well as from other sources not within the control of the city, and the replying affidavits practically concede many of the facts asserted by respondent in the answering affidavits.

I agree with the learned justice at Special Term that there is so much uncertainty as to the cause of the accumulation, and as to what part of it, if any, was caused by the discharge into the canal of such overflow sewers that he would not have been justified in granting even an alternative writ.

A writ of mandamus is an extraordinary remedy, not demandable as matter of right, and whether it shall be granted in a given case rests in the sound discretion of the court. When such a remedy is sought a clear and unquestioned legal right must be presented, for the writ will not issue in doubtful cases. (*People ex rel. Mott* v. *Board of Supervisors,* 64 N. Y. 600, 604; *People ex rel. Perkins* v. *Hawkins,* 46 id. 9, 11; *People ex rel. Nicholl* v. *N. Y. I. Asylum,* 122 id. 190, 196; *People ex rel. Ajas* v. *Board of Education,* 104 App. Div. 162, 163; *Matter of Cullen* v. *New York Tel. Co.,* 106 id. 250, 251), and, in addition, there must be no adequate or legal remedy to obtain the relief sought. (*People ex rel. Lehmaier* v. *Interurban St. R. Co.,* 177 N. Y. 296, 299; *People ex rel. McMackin* v. *Board of Police,* 107 id. 235, 239; *People ex rel. Perkins* v. *Hawkins, supra;* *People ex rel. Ajas* v. *Board of Education, supra,* 163.) As was said in the last-cited case : " It is not the province of a writ of mandamus to adjust controverted questions of law and fact; these belong to the field of actions, and while there have been adjudications of this class of questions, it is rarely that an appellate court interferes with the discretion of the court at Special Term to compel action. If the relator is entitled to the amount of compensation which he claims, and any part of such compensation is denied him when it shall become due and payable, he has a complete remedy at law

to compel the payment of such sum, and once the law is settled there is no reason to assume that the board of education will refuse to do its duty. No rule is better settled by the decisions of the courts than that in such a case mandamus will not lie." (See, also, *Matter of McNeile,* 107 App. Div. 338, 340.) As we have seen, the record does not present a clear and unquestioned legal right to the relief sought; it does present contested questions of both law and fact which should be determined in an action, and if the respondent is under a duty to dredge the slips and basins and fails to perform that duty, the appellant has an adequate remedy at law for the recovery of resulting damages.

The order should be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., CARR, MILLS and PUTNAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.