JOHN FAGAN, Respondent *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK et al., Appellants.

Under the New York city charter of 1873 (§ 71, chap. 335, Laws of 1873), the commissioner of public works being charged with the care of the public buildings, has power to appoint janitors of the buildings in which the district civil courts are held; the common council cannot appoint, nor can it delegate to the justices of said court the power to appoint a janitor to take charge of any of the public buildings.

Plaintiff was appointed by said commissioner janitor of the building in which the sixth district civil court in said city held its sessions. Defendant C. was appointed janitor by the justice of said court under a resolution of the common council authorizing the justices of said courts to appoint janitors for their courts. The board of estimate and apportionment made an appropriation to pay the salary of one janitor of said court, with the condition, however, that no portion should be paid by the comptroller until the question was judicially determined, in whom, by law, the appointment of janitors was placed; and that "the city is not to be burdened with the expense of two sets of janitors." *Held,* that the appointment of plaintiff was valid; that this was a proper case for impleading C. as an adverse claimant, with the city; that C. had no lawful appointment; that no distinction could be recognized between a janitor of the court and a janitor of the building in which the court is held, and but one janitor could legally serve; and that, therefore, plaintiff alone was entitled to payment out of the appropriation.

(Argued February 7, 1881; decided March 1, 1881.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, entered upon an order made November 9, 1880, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the facts are set forth sufficiently in the opinion.

*D. J. Dean* for the corporation appellant. A cause of action existed against Cummisky and a judgment can be given herein in relation to his claim to the salary. (*Kennedy* v. *The Mayor*, 79 N. Y. 361.) No judgment can be rendered for either of the parties claiming janitor's salary herein, unless the

court at the same time adjudges that such claim is exclusive, and that the other party has no title to a salary as janitor of the court or court-house. (*McCullough* v. *Mayor*, 51 How. 486.) Court attendants are a class separate from janitors. (*Dunphy* v. *Mayor*, 8 Hun, 476; *Bergen* v. *The Mayor*, 5 id. 244.) The defendant Cummisky has estopped himself from contending that he is not a proper and necessary party to this action, by the position which he assumed, when the controversy was before this court on the former occasion, *sub nomine*. (*Kennedy* v. *The Mayor*, 77 N. Y. 50; *Risley* v. *Smith*, 64 id. 576; *Bowen* v. *Bowen*, 30 id. 519; *Gaylord* v. *Van Loan*, 15 Wend. 308; *Miller* v. *Watson*, 4 id. 267; *Brookman* v. *Metcalf*, 4 Robt. 568.)

*Elliot Sanford* for appellant Cummisky. The complaint as amended did not contain any cause of action against Cummisky. (55 How. 193; 59 id. 92; *Palmer* v. *Davis*, 28 N. Y. 242; *Mont. Bk.* v. *Albany Bk.*, 7 id. 459; *Tooker* v. *Arnoux*, 76 id. 397; *Richtmyer* v. *Richtmyer*, 50 Barb. 55; *Sinclair* v. *Fitch*, 3 E. D. Smith, 677; *Allen* v. *Fosgate*, 11 How. 218; 37 N. Y. Super. Ct. 334; *People* v. *Ingersoll*, 67 Barb. 484; affirmed, 58 N. Y. 1.) The action of the board of apportionment in affixing certain conditions to the appropriation was *ultra vires* and invalid. (*Whitmore* v. *The Mayor*, 67 N. Y. 21; *Morse* v. *Williamson*, 35 Barb. 472; *People* v. *Lawrence*, 6 Hill, 244; *Sherwood* v. *Reed*, 7 id. 431; *Bennett* v. *Bayle*, 40 Barb. 557; *Joslyn* v. *Dow*, 19 Hun, 494; *People* v. *Ransom*, 56 Barb. 513, 519; *Merritt* v. *Portchester*, 71 N. Y. 309; *Bergen* v. *The Mayor*, 5 Hun, 244; *Sullivan* v. *The Mayor*, 45 How. 152.) The portion of the answer of the defendant Cummisky offered in evidence was improperly received. (*Perego* v. *Purdy*, 1 Hilton, 269; *Forrest* v. *Forrest*, 6 Duer, 102, 129; *Stuart* v. *Kissam*, 2 Barb. 493; *Dorlon* v. *Douglass*, 6 id. 451; *Bearss* v. *Copley*, 10 N. Y. 93; *Rouse* v. *Whited*, 25 id. 170, 175; Phillips on Evidence [4th Am. ed.], 410; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Sullivan* v. *The Mayor*, 52 id. 652;

47 How. 449.) The refusal of the court to dismiss the complaint against Cummisky was error, plaintiff having failed to prove any demand upon the comptroller thirty days before the commencement of the action. (*Knox* v. *The Mayor*, 55 Barb. 416; *Russell* v. *The Mayor*, 1 Daly, 263.) The commissioner of public works is only an executive officer under the charter of 1873, section 19, and has no power to employ janitors at an annual salary without authority of the governing body, the common council. (*Ellis* v. *The Mayor*, 1 Daly, 102; *Briggs* v. *The Mayor*, 2 id. 304; *Donovan* v. *The Mayor*, 33 N. Y. 291.) Professional services may be contracted for without bids. (*McDonald* v. *The Mayor*, 68 N. Y. 23; *O'Connor* v. *The Mayor*, 11 Hun, 176; *McDonald* v. *The Mayor*, 4 T. & C. 177, 178.)

*Nelson J. Waterbury* for respondents. The commissioner of public works had power to appoint the plaintiff janitor of premises occupied by certain police and district courts, and he is entitled to be paid out of the appropriation to pay the janitors for those courts, unless other parties have a legal claim to be paid therefrom to their exclusion. (*Kennedy* v. *The Mayor*, 79 N. Y. 361, 363.) No other person than the janitors employed by the commissioner of public works has a legal claim to be paid out of the appropriation for the payment of janitors under the condition annexed to it by the board of estimate and apportionment. (*Bergen* v. *The Mayor*, 5 Hun, 243; 1 Laws of 1857, 724, 874, 877; 1 Laws of 1870, 366, 371; Laws of 1873, 484, 489.)

EARL, J. The plaintiff commenced this action to recover of the city of New York his salary for the year 1879, as janitor of the building in which the sixth district civil court in that city held its sessions. Phillip Cummisky was joined as a defendant upon the allegation that he claimed an interest in the subject of controversy adverse to the plaintiff.

The plaintiff claimed to have been appointed janitor of the court building by the commissioner of public works, and Cum-

misky claimed to have been appointed janitor of the sixth district civil court by the justice of that court.

The board of estimate and apportionment for the city of New York, in December, 1878, made appropriations for the support of the city government for the year 1879, and they appropriated " to pay salaries of twelve janitors, at $1,200 each per annum in the civil and police courts as follows:" and then the twelve courts are named, with $1,200 opposite to each, among which is the sixth district civil court. The sums thus appropriated amount to $14,400 and at the foot of the appropriation is the following:

" The above appropriation of $14,400 is made specially, as no provision is otherwise made in this final estimate, for the salaries of the janitors of these courts. No portion of this appropriation, however, is to be paid by the comptroller until the question is judicially determined, on an adjusted case or otherwise, in whom by law the appointment of janitor of these courts is placed. It is claimed, on one hand, that the appointment is in the board of police justices and justices of the civil courts, and on the other, that the appointment is in the commissioner of public works. The city is not to be burdened with the expense of two sets of janitors."

By the city charter of 1873 (chapter 335, section 71), it was provided that the department of public works should have the care of public buildings, and the claim of the plaintiff is that the power to appoint the janitor of such buildings was thus vested in that department, and that his appointment was, therefore, valid. It was so held by this court in the case of *Kennedy* v. *The Mayor, etc.* (79 N. Y. 361), and so much may now be regarded as settled. It was also held in that case that the appropriation by the board of apportionment was in form sufficient to authorize the payment of the plaintiff's salary except for the condition attached to it, which is above set out, and that such condition could be lawfully attached.

Kennedy in that case was in the same position as the plaintiff in this, but the adverse claimant to the salary of janitor there was not made a party, and hence the judgment there was

reversed on that ground, the court holding that the adverse claimant should be made a party to the action so that a judgment rendered therein should bind him and protect the city against his claim and thus comply with the condition attached to the appropriation. So we must take it as decided that this is a proper case for impleading Cummisky as an adverse claimant with the city.

But little, therefore, remains to be determined now. Cummisky did not hold a lawful appointment of janitor. There was no law which authorized the justice of the civil court to appoint him. By section 65 of chapter 344 of the Laws of 1857, it is provided that "the corporation of the city of New York shall furnish, at the expense of that city, all necessary attendants, rooms, furniture, blanks, stationery and fuel for these courts," meaning the District Courts of the city of New York. That is a power to be exercised by the corporation, and the provision confers no power upon the justices of these courts. But March 15, 1870, the common council adopted the following resolution: "*Resolved*, That the justices assigned to each of the police courts of this city and the justices of the several district civil courts be and they are hereby authorized and empowered to appoint a janitor for each of said police and civil courts at an annual salary of $1,500 each, payable monthly." Cummisky is supposed to have been appointed under this resolution.

A janitor is understood to be a person employed to take charge of rooms or buildings, to see that they are kept clean and in order, to lock and unlock them, and generally to care for them.

A janitor, as distinguished from attendants, the common council had no authority to furnish for these courts. By the city charter of 1857 (chapter 446, section 23), an act later than the act chapter 344, above referred to, the care of public buildings was conferred upon the street department, and such care has since been in that department and its successor, the department of public works. Therefore, certainly since the act chapter 446, the common council could not appoint and could not delegate the power to appoint a janitor to take charge of any of the public buildings.

But it is said that the appropriation was to pay, not janitors of the court buildings, but court janitors, and that Cummisky was appointed the court janitor for the sixth district civil court. We do not think this a fair construction of the appropriation. It was to pay janitors in the several courts mentioned. The board of apportionment was willing to recognize but one janitor for each court, and it found two persons claiming to act as janitor, one under appointment of the commissioner of public works and the other under appointment by the justice of the district civil court, and it meant the appropriation for the one of the two who was legally appointed and who should be adjudged to have been so appointed.

We cannot recognize any distinction between a janitor of the court and a janitor of the building in which the court is held. Both must be construed to mean the same thing. A janitor of the court, as distinguished from an attendant upon the court, must be a person discharging the same duties as a janitor of the court building. If by janitor of the court is meant simply an attendant upon the court, then such janitor is provided for in an item of appropriation made by the board of apportionment "for salaries of clerks, stenographers, interpreters and attendants." We are, therefore, of opinion that there was but one janitor who could legally serve in the sixth district civil court building and that he was the plaintiff, and that he alone is entitled to pay out of the appropriation above referred to.

We conclude, therefore, that the judgment in this case should be affirmed, with costs.

The views here expressed probably determine the cases of Golden, Kennedy and O'Brien, so far as concerns the merits of those cases. But the counsel for the corporation claims that those cases are not properly before us and he did not argue them, and no one appeared for the co-defendants with the city in those cases. We do not understand the precise position of those cases before us. We have no papers showing that they are regularly here. We do not, therefore, decide them.

All concur.

Judgment affirmed.