(113 App. Div. 405)

FARRELL v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. May 9, 1906.)

1. SCHOOLS AND SCHOOL DISTRICTS—DISTRICT PROPERTY—JANITORS—COMPENSATION.

The Labor Law, Laws 1897, p. 463, c. 415, § 3, as amended by Laws 1899, p. 1172, c. 567, and Laws 1900, p. 638, c. 298, providing that the wages to be paid for a legal day's work to laborers or mechanics on public works, or on any material to be used in connection therewith, shall not be less than the prevailing rate for a day's work in the same trade or occupation in the locality within the state where the work is performed, does not apply to a janitor appointed by the board of education under Greater New York Charter, Laws 1897, p. 384, c. 378, giving the board exclusive power to regulate janitors' salaries.

2. SAME.

The present Greater New York Charter, Laws 1901, p. 32, c. 466, § 56, relating to compensation of employés of the board of education, by ex-

cluding "day laborers and teachers, examiners and members of the supervising staff," includes janitors employed by the board, though limited to "compensation paid out of the city treasury."

Appeal from Special Term.

Action by Joseph Farrell against the board of education of the city of New York. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, and RICH, JJ.

L. Laflin Kellogg (Alfred C. Pette, on the brief), for appellant.
William Hughes (James D. Bell, on the brief), for respondent.

JENKS, J. This action is to recover for janitor's services in a public school in the borough of Brooklyn. The plaintiff complains that he has earned, at the prevailing rate of wages paid to janitors in the borough of Manhattan for like services, $4,000 in excess of the salary received by him. He was appointed a janitor by the school board in Brooklyn in 1892, and his compensation was fixed, pursuant to authority, at $1,000 a year. After consolidation, the Brooklyn Borough board increased that sum to $1,360 a year, and on May 1, 1902, it was, pursuant to section 56 of the charter (Laws 1901, p. 32, c. 466), further increased to $1,699.20 per annum. The plaintiff relies upon that part of section 3 of chapter 415, p. 463, of the Laws of 1897, as amended by chapter 567, p. 1172, of the Laws of 1899, and by chapter 298, p. 638, of the Laws of 1900, which provides:

"The wages to be paid for a legal day's work as hereinbefore defined to all classes of such laborers, workmen or mechanics upon all such public works or upon any material to be used upon or in connection therewith shall not be less than the prevailing rate for a day's work in the same trade or occupation in the locality within the state where such public work on, about or in connection with such labor is performed in its final or completed form is to be situated, erected or used."

The plaintiff is "a person employed to take charge of rooms or buildings, to see that they are kept clean and in order, to lock and unlock them, and generally to care for them." Fagan v. Mayor, 84 N. Y., at page 352. Of course, as in discharge of such duties he labors and works and employs mechanical skill, he may be said as the doer to be, in the broad sense of the terms, a laborer, a workman, or a mechanic, for the first two words are generic and sometimes, all other signs failing, have been regarded even as marking those who toil from those who are idle. But the language of the paragraph indicates that it refers to those who are paid daily wages for labor upon public works, and that its purpose is to require that such wages shall equal the prevailing rate paid to other laborers, workmen, or mechanics not engaged upon public work.

On the other hand, this plaintiff is a subordinate specifically recognized by the charter, appointed by the board of education, and removable by it. Sections 1067, 1074, Greater New York Charter. By section 1069 of the original charter (chapter 378, p. 384, Laws 1897), the board of education had the exclusive power to regulate

his salary. Section 1101 of the charter, as amended, provided for his continuance with the compensation as was there provided, or as thereafter provided by the lawful authority. The power over salaries committed to the local authorities by section 56 of the present charter extends to the compensation of the plaintiff. This is specifically shown by the exclusion "other than day laborers and teachers, examiners and members of the supervising staff of the department of education," for the exclusion of some of the employés of the department indicates the inclusion of the others. There is no force in the point that, as section 56 is limited to "compensation paid out of the city treasury," it does not apply to the salary of this plaintiff. There is no such precise thing as "the city treasury," but this term is used to describe the money that is raised, received, and expended by the municipal corporation. That the public school moneys are thus properly described is evident from the provisions of sections 1059, 1060, 1055, and 1064 of the charter.

The revised charter was passed subsequent to the labor law and its amendments. My conclusion is, as the Legislature intended to prescribe and to provide for the salaries of janitors and the regulation thereof by the charter of the city of New York, that in any event the part of the labor law cited does not apply. In State ex rel. v. Martindale, 47 Kan. 147, 27 Pac. 852, a somewhat similar statute was under review, and the court held that a like expression did not embrace any officer or employé for whom an annual salary had been specifically named and appropriated by the Legislature. I think the principle is the same, notwithstanding the action in this case is by the local authorities, inasmuch as it is pursuant to the express sanction of the Legislature.

The judgment is affirmed, with costs. All concur.