## HOGAN v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Term.   November 30, 1909.)

MUNICIPAL CORPORATIONS (§ 220*)—EMPLOYÉS—COMPENSATION.

The board of education of the city of New York cannot fix the salary of a statistician in its employ without the action of the board of aldermen under Rev. Charter (Laws 1901, p. 32, c. 466) § 56, as amended by Laws 1902, p. 1067, c. 435, making it the duty of the latter body to fix the salary of every officer or "person" other than the day laborers, teachers, examiners, and members of the supervising staff of the department of education.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 220.*]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Lawrence F. Hogan against the Board of Education of the City of New York.  From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Francis K. Pendleton (Theodore Connoly, Stephen O'Brien, and Thomas F. Noonan, of counsel), for appellant.

John E. O'Brien (W. Smith O'Brien, of counsel), for respondent.

GILDERSLEEVE, P. J.  I think the board of education had no power to increase the plaintiff's salary without the action of the board of estimate and apportionment and the board of aldermen.  The question depends upon the effect given to section 56 of the Greater New York charter (Laws 1901, p. 32, c. 466, as amended by Laws 1902, p. 1067, c. 435) which provides that:

"Except as in this section otherwise provided, it shall be the duty of the board of aldermen, upon the recommendation of the board of estimate and apportionment, to fix the salary of every officer or person whose compensation is paid out of the city treasury, other than day laborers and teachers, examiners and members of the supervising staff of the department of education."

It seems clear that the plaintiff, a statistician in the defendant's employ, is not an employé excepted by the language of this section.  He is not a day laborer—an examiner—nor is he a member of the supervising staff of the department of education.  All employés who are not excluded must be included within the provision of the "Revised Charter."  The plaintiff should be classified with the persons whose salaries it is the duty of the board of aldermen, upon the recommendation of the board of estimate and apportionment, to determine and fix.  This construction is not in conflict with any declaration of law laid down in the Gunnison Case, 176 N. Y. 11, 68 N. E. 106, which was essential to a determination of the issues therein presented.  The cause of action in that case arose prior to 1901, and was based upon statutory provisions which differ from the present laws.  The precise point decided was that the board of education was the proper party to sue and

to be sued in all matters affecting the school funds. It is unreasonable to assume that the court undertook to interpret section 56 of the Revised Charter in disposing of a cause of action that arose before its passage. Judicial expressions should be limited to facts under review, and opinions should be construed with reference to those facts. In the recent case of Lester v. Board of Education, decided by Mr. Justice Carr at a Special Term of the Supreme Court, Kings County, Law J., July 8, 1909 (119 N. Y. Supp. 887), the learned justice placed an interpretation upon section 56 of the revised charter that accords with my views, when he said:

"Since the revision of the Greater New York Charter in 1901, it has been twice decided by the Appellate Division in this department that the fixation of the salaries of janitors of public schools in the city of New York must be made by the board of aldermen under section 56 of the 'Revised Charter' (People ex rel. Ajas v. Board of Education, 104 App. Div. 162, 93 N. Y. Supp. 300; Farrell v. Board of Education, 113 App. Div. 405, 98 N. Y. Supp. 1046). As the complaint alleges only fixation of the plaintiff's salary by the defendant, the board of education, it fails to allege an essential requirement as to legal fixation, and is therefore demurrable on that ground."

The complaint herein alleges that the plaintiff occupies the position of statistician in the department of education. The department of education is one of the administrative departments of the city of New York, and the plaintiff must, therefore, be considered as being in the employ of said city.

I conclude that the revision of section 56 of the charter, by Laws 1901, p. 32, c. 466, divested the board of education of all power to fix salaries of those subordinates employed in the department of education, and placed that power in the legislative body of the city, as constituted by the board of aldermen, acting on the recommendation of the board of estimate and apportionment, unless other provision is made therefor by express legislation.

The judgment should be reversed, with costs, and the demurrer sustained, with costs. I agree that leave to appeal to the Appellate Division should be granted. If no appeal is taken, plaintiff may plead over upon payment of the costs in this court and in the court below within six days.

SEABURY, J., concurs in result.

LEHMAN, J. (dissenting). If section 56 of the charter is to receive the interpretation sought by the appellant, it seems to me that it is in conflict with the provision of section 1064:

"The board of education shall administer all moneys appropriated or available for educational purposes in the city of New York, subject to the general provisions of this act relating to the audit and payment of salaries and other claims by the department of finance."

By section 56 the board of aldermen and the board of estimate are required to fix salaries of every officer or other person, with certain exceptions, payable out of the city treasury. The plaintiff herein is not one of the officers specifically excepted. His salary is payable out of the city treasury, although from moneys appropriated or available for educationable purposes. By section 1064 these moneys are to be

administered, not by the board of aldermen and the board of estimate, but by the board of education.

In order to reconcile this apparent conflict, we must apply the recognized rules of statutory construction. If section 56 provided only that the board of aldermen and the board of estimate should fix the salary of every officer whose compensation is paid out of the city treasury, then clearly section 1064 would be an exception to the rule laid down in the other section. "When a statute contains separate provisions, one special and the other general, the latter will not be construed as including the former, but the special statute will be regarded as in the nature of an exception to the general one." Wormser v. Brown, 149 N. Y. 163, 170, 43 N. E. 524, 526. "When a general intention is expressed and also a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception." Hoey v. Gilroy, 129 N. Y. 132, 138, 29 N. E. 85, 86. The difficulty with such a construction in the present case is that section 56 already contains certain exceptions, and it is a sound principle of interpretation that, where there is an exception of a particular thing, every other thing of the same general nature as that excepted should be regarded as embraced in the general words. "This seems quite reasonable, but care must be taken not to carry the rule too far. It is a matter of common experience that savings and exceptions are often introduced from abundant and even excessive caution, and it would sometimes prevent the intention of the author of the writing if every other thing of the same general nature as that excepted should be regarded as embraced in the general words." Tinkham v. Tapscott, 17 N. Y. 141, 152.

In the case of Whitmore v. Mayor, 67 N. Y. 21, the court held that chapter 335, p. 484, Laws 1873, authorizing the board of apportionment to fix the salaries of "all officers paid from the city treasury, does not include any but city officers." In the case of Gunnison v. Board of Education, 176 N. Y. 11, 68 N. E. 106, the court held that the board of education under the new charter is an independent corporate body performing an important state function. "The only relation that the city has to the subject of public education is as the custodian and depositary of school funds, and its only duty with respect to that fund is to keep it safely and disburse the same according to the instructions of the board of education." In this case the Court of Appeals certainly considered the effect of the charter of 1901 because every citation therein contained is from the sections of that law. The Legislature in enacting the charter of 1901 evidently intended to maintain the independence of the board of education as a state function, and to give it control of its own funds and the right to fix the salaries of its own employés. Previous to the new charter the words "officers paid from the city treasury" included only city officers, and not officers of a state agency. The addition of a specific exception should not be held to enlarge the general words so as to embrace all other officers or persons of the same general nature as those specifically excluded. It seems to me that this is one of the cases where the Legislature has made an exception "from abundant and even excessive caution."

The judgment should be affirmed, with leave to appeal to the Appellate Division.