### LESTER v. BOARD OF EDUCATION.

(Supreme Court, Special Term, Kings County.   November 30, 1909.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 73*)—EMPLOYÉS—SALARIES—BOARD REQUIRED TO FIX.

Under Revised New York City Charter (Laws 1901, p. 32, c. 466) § 56, requiring the board of aldermen to fix the salary of every officer whose compensation is paid out of the city treasury, other than day laborers, and teachers, examiners, and members of the supervising staff of the department of education, the salaries of janitors of the city public schools must be fixed by the board of aldermen, so that the complaint in an action against the board of education for a janitor's salary was demurrable, where it alleged that it was fixed by the board of education.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 179; Dec. Dig. § 73.*]

2. COURTS (§ 107*)—RULES OF DECISION—CONSTRUCTION OF OPINIONS.

A judicial opinion must be construed with reference to the facts upon which it is based.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 360; Dec. Dig. § 107.*]

Action by John C. Lester against the Board of Education. On demurrer to the complaint. Demurrer sustained, with leave to amend.

Leopold Moschowitz, for plaintiff.
Stephen O'Brien and Charles McIntyre, for defendant.

CARR, J. Since the revision of the Greater New York charter in 1901, it has been twice decided by the Appellate Division in this department that the fixation of the salaries of janitors of public schools in the city of New York must be made by the board of aldermen, under section 56 of the Revised Charter. People ex rel. Ajas v. Board of Education, 104 App. Div. 162, 93 N. Y. Supp. 300; Farrell v. Board of Education, 113 App. Div. 405, 98 N. Y. Supp. 1046. As the complaint alleges only a fixation of the plaintiff's salary by the defendant,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the board of education, it fails to allege an essential requirement as to a legal fixation, and is therefore demurrable on that ground.

The decision of the Court of Appeals in Gunnison v. Board of Education, 176 N. Y. 11, 68 N. E. 106, is not in conflict. There the court had before it a different question, as the cause of action in that case arose prior to 1901, and was based upon statutory provisions, which were not the same as now. Every judicial opinion is limited to facts then in review, and must be construed accordingly. That court cannot be deemed to have had section 56 of the Revised Charter in mind, when it passed upon a cause of action which accrued on May 1, 1899, two years before the present enactment.

Demurrer sustained, with leave to amend on payment of taxable costs.